## Lackawanna Township.    Harris's Appeal.

*Municipalities—Annexation of territory—Act of May* 23, 1889—*Titles of acts—Constitutional law—Art.* 3, § 3, *Const.*

An ordinance admitting adjoining territory into a city is not such an extraordinary exercise of municipal power as requires that notice should be taken thereof in the title of an act for incorporating and governing cities.

The act of May 23, 1889, P. L. 277, entitled " An act providing for the incorporation and government of cities of the third class," and providing a method for changing and enlarging the limits of a city, does not violate article 3, § 3, of the constitution of 1874, which requires that the subject of a bill shall be clearly expressed in its title.

*Municipalities — Classification of cities — Constitutional law — Act of May* 23, 1889—*Local legislation—Art.* 3, § 7, *Const.*

The act of May 23, 1889, P. L. 277, is not local or special legislation within the meaning of art. 3, § 7, of the constitution of 1874, as it is applicable to all cities of the third class.

For purposes of classification all cities not belonging to the first or second class belong to the third. For purposes of municipal government, only so many of these belong to the third class, in the legislative sense of the words, as have taken on the municipal uniform which the legislature has provided for the class. Per MR. JUSTICE WILLIAMS.

Argued Feb. 22, 1894.    Appeal, No. 129, Jan. T., 1894, by David Harris and James Dunn, from order of Q. S. Lackawanna Co., sustaining proceedings upon petition to annex a portion of Lackawanna township to the city of Scranton.    Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to annex portion of township to city.

The petition was addressed to the select and common coun-

cils of the city of Scranton. An ordinance of councils was passed in accordance with the prayer of the petition.

David Harris et al., citizens and taxable inhabitants of the district proposed to be annexed, took an appeal from the action of councils, and filed exceptions which were among others as follows:

"3. The act of May 23, 1889, entitled 'An act for the incorporation and government of cities of the third class,' and under which the proceedings in this case were taken, is unconstitutional and void for the following reasons: (a) It is special legislation, prohibited by the constitution because it applies to only a portion of the cities of the third class. (b) The title of the act is misleading for the reason that it gives notice of legislation for all third class cities, whereas the body of the act only legislates for a portion of them. [2]

"4. Article 3 of said act, and under which these proceedings were taken, is unconstitutional and void, because: (a) It is legislation purporting to be for a class of cities, but on a subject for which class legislation is not authorized by the constitution. (b) The title of the act specifies the subjects to which the act applies, to wit: the incorporation and government of third class cities. These being specified all others are excluded. Annexation not being included under either of these heads, the title, so far as concerns annexation, not only does not clearly express the subject, but is misleading. (c) It attempts to change the lines of a city, a township, and two school districts by special law and without notice in the title of the act. [3]

"5. There is no law to sustain this proceeding." [4]

The court dismissed the exceptions.

*Errors assigned* were among others (2–4) dismissal of exceptions, quoting them.

*M. E. McDonald* and *I. H. Burns*, for appellants, cited: Acts of June 8, 1874, P. L. 281; May 23, 1889, P. L. 277; Scowden's Ap., 96 Pa. 422; Com. v. Macferron, 152 Pa. 244; Weinman v. Ry., 118 Pa. 202; Ruan Street, 132 Pa. 276; Com. v. Smoulter, 126 Pa. 137; Reading v. Savage, 124 Pa. 328; Morrison v. Bachert, 112 Pa. 322; Davis v. Clark, 106 Pa.

377; Phœnixville Borough, 109 Pa. 44; Phila. v. Ry., 124 Pa. 219; Locke's Ap., 72 Pa. 491.

*Everett Warren* and *James H. Torrey*, city solicitor, for appellee, cited: Acts of May 23, 1874, P. L. 279; Reading v. Savage, 124 Pa. 328; Wheeler v. Phila., 77 Pa. 338; Scranton School District's Ap., 113 Pa. 176; Ayar's Ap., 122 Pa. 266; Scranton v. Whyte, 148 Pa. 419; Whitney's Ap., 138 Pa. 401; Com. v. Reynolds, 137 Pa. 389; Brown v. Com'rs, 21 Pa. 37; Evans v. Phillipi, 117 Pa. 226; Com. v. Sellers, 130 Pa. 32; Cheltenham Road, 140 Pa. 136; Wilkes-Barre v. Meyers, 113 Pa. 395; Acts of March 12, 1867, § 15, P. L. 392; March 24, 1873, § 3, P. L. 377; May 4, 1871, § 15, P. L. 543; Moers v. Reading, 21 Pa. 188; Norris v. Clymer, 2 Pa. 277; Pottstown Borough, 117 Pa. 538; Cooley's Const. Lim. 144; King Co. v. Davis, 1 Wash. 290; Prescott v. Chicago, 60 Ill. 121; Hargrave v. Weber, 66 Mich. 59; Attorney General v. Amos, 60 Mich. 372; Winona v. School District, 40 Minn. 13; Morford v. Unger, 8 Iowa, 83; Whiting v. Mt. Pleasant, 11 Iowa, 483; Com. v. Macferron, 152 Pa. 244; Pottstown Borough, 117 Pa. 538.

OPINION BY MR. JUSTICE WILLIAMS, March 26, 1894:

The petition for annexation to the city of Scranton in this case is in conformity with the act of 1889, under which this proceeding seems to have been conducted. If that act is constitutional the decree of the court below may be sustained. Its constitutionality is assailed upon two grounds. It is alleged in the first place that the subject of changing or enlarging the limits of a city is not within the purview of the title; and in the next place that the act is local and therefore transgresses the constitutional prohibition against local legislation.

The title is as follows, " An act providing for the incorporation and government of cities of the third class." The municipal authority of the city when incorporated, extends over the territory included within the city limits as then established. The growth of the city may be rapid. Buildings may extend beyond its lines, and adjoining territory may be laid out by extending the city streets over it, and become undistinguishable from the city proper. It then becomes important for the peo-

ple residing upon this territory, and for the city itself, that sewers, gas and water mains, police and fire protection, be extended over the district which, though separate in law, is physically a part of the city. The people residing on the territory so situated ask the city to take them in, and the city grants their request by an ordinance passed in the usual manner. This is an act that requires no special authority to sustain it. It is in the line of municipal legislation, needful for the proper government of the city, as its expanding proportions and municipal needs outgrow their original limits. The legislature has taken this view of the subject. Immediately after the adoption of the present constitution, the act of 1874, classifying cities and regulating the government of each of the several classes, was passed. The only words in its title that could cover the exercise of the power to admit adjoining territory are the words that constitute the title to the act of 1889. Yet the act of 1874 contains provisions authorizing the admission of out-lots, and adjoining territory, into cities with which they are connected physically, and prescribes the mode of procedure to be adopted. It is clear therefore that the legislature did not regard an ordinance admitting adjoining territory into the city as an extraordinary exercise of municipal power that required to be taken notice of in the title of the act of 1874, but as an ordinary exercise of that power, by means of an ordinance, passed and approved in the ordinary way.

The remaining question is as free from difficulty. The new constitution provided for the government of the commonwealth by general laws and denied to the legislature the power to pass local laws on many subjects. Cities under constitutional provisions constituted one class, to be legislated for in future by laws applicable to all alike. To relieve against this hardship the classification act was passed during the following session of the legislature. The cities were divided into three classes upon the basis of population. There was at that time but one city in the first and one in the second class. Legislation for these classes was therefore easy of accomplishment; but in the third class, there were many cities each of which was provided, at the time of the passage of the act of 1874, with a form of government of its own selection. These differed quite widely in the terms and duties of some of the municipal offices; and

in the powers possessed by the municipalities. The effort to reduce all these, at one time, to a uniform frame of government was one that would be attended necessarily with some inconvenience. The act was made to take effect upon all cities to be incorporated after its passage, and upon those previously incorporated, when and as fast as they should severally elect to come in under its provisions. The expectation entertained by the lawmakers was that within a few years all the cities of the third class, then existing, would come, by election, into the class, and adopt the frame of municipal government provided by the act of 1874. This expectation has been largely realized. A few cities still cling to their old charters, but much the larger part of them have adopted the provisions of that act and are members of the third class, not only by reason of their population, but by reason of the character of their municipal organization. The class is a steadily increasing one, and the number of cities standing outside of it is steadily decreasing. The tendency is toward absolute uniformity. Legislation for cities of the third class is applicable to all the members of that class, and it is general, within the definition we have frequently given to the phrase "a general law," since 1874. If, as is said by the appellant's counsel, Wilkes-Barre is not bound by the provisions of the act of 1889, it is because that city is still outside the class for which the act of 1889 was framed. It is for some purposes a city of the third class, under the classification act; but for purposes of local government it remains under its charter and its system of local laws that were in force prior to 1874. For these purposes therefore it is not a member of the class, and is not affected by the legislation provided for the class as it exists under the provisions of the law of 1874. For purposes of classification all cities not belonging to the first or second class belong to the third. For purposes of municipal government, only so many of these belong to the third class, in the legislative sense of the words, as have taken on the municipal uniform which the legislature has provided for the class. It follows logically from what has now been said that the act of 1889, being for the class and applicable to every member of it, is general; and is not open to the objection which the appellants urge against it.

The assignments of error are overruled and the judgment is affirmed.