Commonwealth of Pennsylvania ex rel. Harry Liem, Appellant, *v.* R. P. Robinson, Treasurer of Luzerne County.

*Liquor law—License fee in cities of third class—Statutes.*

For the purpose of classification the status of the city of Wilkes-Barre is fixed by the Act of May 8, 1889, P. L. 133, which is not repealed or modified by the Act of May 23, 1889, P. L. 277, and, such status being so fixed applicants for retail liquor licenses within the municipality must pay the amount required to be paid by the several acts of assembly relating thereto in cities of the third class.

Argued Jan. 10, 1899. Appeal, No. 13, Jan. T., 1899, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1898, No. 152, in favor of defendant on case stated. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.

Case stated on petition of Harry Liem for writ of mandamus. Before LYNCH, J.

It appears from the case stated that it was agreed that the petition of Harry Liem for a writ of mandamus demanding the treasurer of Luzerne county to accept the sum of $350 as a full and legal fee for a retail liquor license should be considered for the purpose of this case as an alternative mandamus issued to R. P. Robinson, who is admitted to be the treasurer of Luzerne county ; that the city of Wilkes-Barre was incorporated by the special Act of the legislature on May 4, 1871, P. L. 539

570 LIEM'S APPEAL.

Statement of Facts—Opinion of Court below. [9 Pa. Superior Ct.

that said city has not accepted the provisions of the Act of
May 23, 1874, P. L. 230, nor the Act of May 23, 1889, P. L.
277; that the population of said city by the last census was
37,718; that the said treasurer of Luzerne county demands
from the petitioner the sum of $550 as the legal fee to be paid
for his license and refuses to issue the license until said sum of
$550 is paid to him; that the sum of $550 should be treated as
paid into court by said Harry Liem; that if the court be of
opinion that under the facts stated the fee to be paid by the
said relator is $350 then judgment in this case stated to be
entered in favor of plaintiff. If, however, the court be of opin-
ion that the facts be as aforesaid, the license fee to be paid by
the said relator, is $550, then judgment to be entered upon this
case stated in favor of the defendant.

The court below entered judgment in favor of defendant,
stating that the reasons for such judgment are given in a simi-
lar case, Com. v. McGroarty, 6 Kulp, 195, which opinion was
concurred in by RICE, P. J., the opinion in Com. v. McGroarty,
by WOODWARD, J., being as follows:

Our opinion may be set forth concisely in the following
propositions:

1. Under the classification of cities as made by the Act of
May 23, 1874, P. L. 230, the city of Wilkes-Barre having a
population of between 23,000 and 24,000 became ipso facto a
city of the third class, or in other words, having, as shown by
the last decennial census, a population of more than 10,000, it
was unnecessary for the city to accept or adopt the provisions of
the act of 1874 in order to determine its classification. This
was decided in this court by Judge RICE, and affirmed by the
Supreme Court, in Com. v. Smoulter, 126 Pa. 137. To the
same effect is the case of Com. v. Miller, decided by Judge
HENDERSON in the common pleas of Crawford county, and also
affirmed by the Supreme Court, 126 Pa. 157.

2. The act of May 22, 1889, "providing for the incorpora-
tion and government of cities of the third class," was not in-
tended to, and does not apply to cities like Wilkes-Barre, which
were already incorporated when the act of May 23, 1874, went
into effect, and the classification of which was fixed and de-
termined by the amount of its population at that time. Sec-

tion 19 of the act of 1889, contains a clear statement of the cities of the third class to which it is applicable. These are, first, those which have been incorporated since the act of 1874; second, those which have accepted the provisions of that act in the manner provided in its section 57, and third, all other cities which shall thereafter accept the provisions of that act. The city of Wilkes-Barre as has been shown, falls within neither of the three specified classes named in the act of 1889, and therefore the repealing clause of section 2 is without force or effect in the case now under consideration. The Act of May 8, 1889, P. L. 133, entitled " An Act dividing the cities of this state into three classes," etc., is also without effect in the case before us, and we are not called upon to consider the question discussed by Judge HENDERSON in Com. v. Shoup, 9 Pa. C. C. R. 289, as to the repeal of the act of May 18, 1889, by the later act passed at the same session of the legislature, and approved May 23, 1889.

We content ourselves with this brief statement of our views upon the questions which seem to be material to the decision of the case. We are of the opinion that Wilkes-Barre is a city of the third class, and therefore, that, as provided by the act of May 13, 1887, persons licensed to sell at retail any "vinous, spirituous, malt or brewed liquors, or any admixture thereof, in any house, room or place, hotel, inn or tavern," in said city, are to pay annually for the privilege the sum of $550.

Plaintiff appealed.

*Errors assigned* were (1) in deciding that the license fee to be paid by plaintiff is $550. (2) In entering judgment in favor of defendant. (3) In stating that the city of Wilkes-Barre is a city of the third class.

*John M. Garman*, with him *John McGahren*, for appellant.— The provisions of section 1 of the act of May 8, 1889, are inconsistent with the provisions of section 1, article 19 of the act of May 23, 1889 : Com. v. Shoup, 9 Pa. C. C. R. 289.

*George S. Ferris*, with him *Charles E. Keck* and *Charles F. McHugh*, for appellee.—On April 29, 1889, the Supreme Court

affirmed the decision of RICE, P. J., who held that the city of Wilkes-Barre being a city of the third class, retail and wholesale liquor dealers are required to pay the license fee provided for in such cities : Com. v. Smoulter, 126 Pa. 137.

It is submitted that whether the Act of May 23, 1889, P. L. 277, repeals the Act of May 8, 1889, P. L. 133, is immaterial to this controversy, for the reason that Wilkes-Barre, being held to be a city of the third class under the act of 1874, and being also a city of the third class under the Act of May 8, 1889, P. L. 133, the repeal of the later act as to the classification would revive the earlier act under which Wilkes-Barre was unquestionably a city of the third class : Com. v. Smoulter, supra.

The learned president judge of Luzerne county was right in his conclusion as expressed in Commonwealth v. McGroarty, 6 Kulp, 195, and relied upon by the learned judge of the court below in the case at bar.

OPINION BY BEAVER, J., March 23, 1899 :

It was definitely settled in Com. v. Smoulter, 126 Pa. 137, that a retail liquor dealer within the city of Wilkes-Barre was required to pay the sum of $500 for a license to sell intoxicating drinks under the license Act of May 13, 1887, P. L. 108. The decision in that case was based upon the fact that, under the classification of cities made by the Act of May 23, 1874, P. L. 230, Wilkes-Barre was a city of the third class. On the 8th of May, 1889, P. L. 133, an act of the legislature was approved " dividing the cities of this state into three classes with respect to their population and designating the mode of ascertaining and changing the classification thereof in accordance therewith." Under the provisions of this act, all the cities of the commonwealth were divided into three classes, those containing a population of under 100,000 constituting the third class.

The license fee claimed by the treasurer of Luzerne county from the relator, under the provisions of the Acts of June 9, 1891, P. L. 248, and July 30, 1897, P. L. 464, is $550. It is practically admitted by the appellant that, if the classification of cities provided by the act of May 8, 1889, is valid, he should pay the amount claimed. He argues, however, that the Act of May 23, 1889, P. L. 277, providing for the incorporation and

government of cities of the third class, repeals or at least modifies the classification act of May 8, 1889, supra. This argument is based upon a construction of article 19 of the Act of May 23, 1889, P. L. 277. An inspection of this article, however, clearly indicates that there is no intention on the part of the legislature to repeal the classification act. The first section provides that " the term 'cities of the third class' shall include " those which are described in the section. This, however, is simply a definition of the term as used in the act itself and does not provide for a new classification nor in any way interfere with that previously provided by the act of May 8, 1889, supra. The second section of this article repeals only those acts or parts of acts which are inconsistent with or supplied by the act itself. The latter act is one simply of classification and the former recognizes the classification previously made in its title and throughout all its provisions. As was said in Lackawanna Township, Harris's Appeal, 160 Pa. 494, " For purposes of classification all cities not belonging to the first or second class belong to the third. For purposes of municipal government only so many of these belong to the third class in the legislative sense of the words as have taken on the municipal uniform which the legislature has provided for the class." For the purpose of classification the status of the city of Wilkes-Barre is fixed by the act of May 8, 1889, and, being so fixed, applicants for retail liquor licenses within the municipality must pay the amount required to be paid by the several acts of assembly relating thereto in cities of the third class.

The court below was clearly right in refusing the mandamus asked for in the case stated and the judgment is affirmed.