# Commonwealth ex rel. *v.* Collier.

*Public officers—Board of revision—County officers—Appointment—Judicial functions—Constitutional law.*

The three persons who compose the board for the assessment and revision of taxes created by the Act of March 24, 1905, P. L. 47, for counties containing a population of not less than 300,000, nor more than 1,000,000, are not county officers, and the direction of the act that they shall be appointed by the courts of common pleas of the proper county, is constitutional. Section 2 of article XIV of the constitution which declares that county officers shall be elected at the general elections, has no application to the board created by the act of March 24, 1905.

The provision in section 21 of article V of the constitution, that judges shall be exempt from the imposition of nonjudicial duties, applies only to judges of the Supreme Court.

Argued Oct. 23, 1905. Petition for mandamus, Oct. T., 1905, No. 118, in suit of Commonwealth ex rel. Hampton L. Carson, Attorney General of the Commonwealth of Pennsylvania, v. Frederick H. Collier, Marshall Brown, James R. Macfarlane, Robert S. Frazer, John D. Shafer, James S. Young, John M. Kennedy, Samuel A. McClung and John A. Evans, Judges constituting the several courts of Common Pleas of Allegheny County, Pennsylvania, being the Fifth Judicial District. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.

Petition for mandamus to compel the judges of the several courts of Allegheny county to appoint three persons as a "board for the assessment and revision of taxes" in and for the county of Allegheny, state of Pennsylvania, as provided by section 1 of the Act of Assembly, approved March 24, 1905, P. L. 47.

*Hampton L. Carson,* attorney general, and *R. H. Jackson,* for the petitioners.—Under the acts, the duties of the board of revision have to do with assessments for taxes for state and county purposes; not exclusively county matters as is the case with the county officers named in the constitution, but with matters of a much broader and different scope. Both state assessment as well as county are made their duty, and

each of equal importance. Not as in the office of treasurer and register, where the duty to the state is made an incident of his office, and the state's agent simply for convenience, but the duty to the state is primary and requires as much attention as that to the county. Clearly the duties are not primarily county duties, as in the list enumerated in the constitution, and the office of board of revision is not ejusdem generis : Taggart v. Com., 102 Pa. 354.

The act is not unconstitutional, because the legislature has imposed upon the courts duties that are not judicial: In re Bulger 45 Cal. 553 ; Sturgis v. Spofford, 45 N. Y. 446 ; Ohio State v. Judges, 21 Ohio, 1 ; Commissioners of Sinking Fund v. George, 47 S. W. Repr. 786; People v. Hurlbut, 24 Mich. 44 ; Commonwealth v. Baxter, 35 Pa. 263 ; People v. Mathewson, 47 Cal. 442.

This power has been exercised by the legislature, both before and since the adoption of the constitution of 1874, and so by " long period of acquiescence " has become an established custom, a legislative exposition equal in force to judicial construction : Moers v. City of Reading, 21 Pa. 188; Cronise v. Cronise, 54 Pa. 255.

*E. H. Stowe,* for respondents.

Opinion by Mr. Justice Brown, November 4, 1905 :

If the three persons to compose a board for the assessment and revision of taxes created by the Act of March 24, 1905, P. L. 47, for counties containing a population of not less than 300,000 nor more than 1,000,000 are county officers, the direction of the act that they shall be appointed by the court or courts of common pleas of the proper county is invalid, for section 2 of article XIV of the constitution declares that county officers shall be elected at the general elections. By the 1st section of the same article county officers consist of sheriffs, coroners, prothonotaries, registers of wills, recorders of deeds, commissioners, treasurers, surveyors, auditors or controllers, clerks of the courts, district attorneys, and such others as may from time to time be established by law. With authority thus clearly given to the law making power to add to and increase the constitutional list of county officers, the first ques-

tion to be considered in this proceeding is, Has the legislature done so in the act under consideration ?

The members of the board created by the act are not declared to be county officers; on the contrary, by directing that they shall be appointed and not elected, the legislature must manifestly be understood as not having intended to create new county officers. In passing the act the guide of its members was the constitution, and with it as an open book before them its unmistakable words were that if new county officers were to be established they would have to be elected and could not be appointed. The legislature further knew from section 3rd of the same article that the constitution contemplates the appointment of officers within a county who are not county officers. The members of the board are not designated in the act as county officers, and, strictly speaking, they could not be so designated. In Taggart v. Commonwealth, 102 Pa. 354, it is true it is said, " In determining what class of officials should be designated county officers, the convention manifestly had in view those whose duties were coextensive with the boundaries of the county; " but a surer test is the character of the duties to be performed by the officers. The duties of a state officer to be performed within a county may be coextensive with and limited to it, but for that reason he is no less a state officer if he acts for the state. The duties to be performed by the board created by the act of 1905 are not for the county alone, but for the state as well. Separate and distinct duties are imposed upon its members. That the commonwealth may receive the tax which it has imposed as a state tax, they are to assess and value a certain species of property, and the act provides that, " In so far as respects state taxes, the valuations and assessments shall be made by the board annually, on or before December 31 ; " that the county may receive the taxes due it and needed by it for strictly county purposes, they shall assess and value the real estate within it, and in so doing they perform no duty for the state.

At times a county officer whose primary duties are to the county, is directed by the state to act for it by virtue of his office. A county treasurer, because he is the appropriate county officer for such a purpose, is designated to collect for the state certain taxes levied by it for state purposes, and so the regis-

ter of wills by virtue of his office collects the collateral inheritance tax on decedents' estates ; but not so here.   The appointment of the board is primarily for the state as well as for the county, and though the former looks to the latter for the payment to it of a certain tax, the legislature does not permit the county through its township and ward assessors to assess and value property upon which the state tax has been imposed, but directs that this board shall be appointed for that specific purpose.   Being clearly of the opinion that the members of the board are not county officers, we pass to the next objection raised to the act, which is that it imposes on the court duties that are not judicial.

The executive, legislative and judicial branches of the state government are created by the people through their constitution, and the powers and duties of each are such only as are expressly conferred or imposed, or are inherent by necessary implication.   But there are no powers inherent in either of the branches nor duties to be evaded by either of them, if such powers have been expressly withheld from it by the people or duties have been imposed upon it by them ; and therefore no duty can be evaded by the executive or judiciary if the people have authorized its imposition by the legislature, their law making power, on either of these branches.   In the judiciary article the judges of but one court are exempt from the imposition of non-judicial duties, and from them alone is the power of appointment withheld.   " No duty shall be imposed by law upon the supreme court or any of the judges thereof, except such as are judicial, nor shall any of the judges thereof exercise any power of appointment except as herein provided : " Const. sec. 21, art. V.   Expressio unius est exclusio alterius is no less true of this clause than of any statute ; and it is therefore to be presumed that the people, with the knowledge that for years before they adopted the present constitution judges of the common pleas had been directed by acts of assembly to appoint mercantile appraisers, boards of revision of taxes, and other officers, and were so appointing them, adopted the clause containing the limitation upon this court alone, and left the judges of the other courts to continue to appoint when directed to do so by the legislature.

The real question is not as to the character of the duty to be

performed by the courts under the act of 1905, but as to the constitutional power of the legislature to impose it. If that power exists the duty imposed in this clear exercise of it must be performed. Under the conditions existing at the time of the adoption of the constitution the people were able to declare who at that time should be regarded as county officers, but, anticipating the requirements arising from new conditions, power was committed to the legislature of establishing others from time to time, all, however, to be elected. In addition to new county officers to be elected, the necessity for others, to be appointed, was clearly contemplated in the adoption of the constitution to meet requirements in the growth and development of the state. What those new officers should be could not have been anticipated, and therefore their selection is not provided for in the constitution; but when new offices are needed the legislature may admittedly create them, and, when created, they may be filled by appointment. They are to be "appointed as may be directed by law:" Const. sec. 1, art. XII. The direction of the law is that the board created by the act of 1905 shall be appointed by the court or courts of common pleas of the proper county, and this direction having been made in pursuance of constitutional authority, a constitutional duty arises which cannot be disregarded. This duty having been imposed upon the courts of common pleas of the county of Allegheny, must be performed by the judges composing them. In all matters a court acts through its judge or judges, and when the combined courts of a county are directed to act, they are to act through a majority of their judges forming one body. In the absence of statutory direction as to the manner in which they shall so act, their good judgment will be their guide.

From the answer of the respondents we deem nothing more necessary than this brief expression of our views on the questions raised by them, and, assuming that the duty imposed upon them will be performed, the order asked for by the commonwealth will not now be made.