## Maginnis, Appellant, *v.* Schlottman.

*Constitutional law — Constitution of Pennsylvania — Article XIV, section 5—Act of July 17, 1919, P. L. 995—District attorney —Assistant district attorney—Salaries.*

An assistant district attorney is not a clerk within the meaning of article XIV, section 5 of the Constitution of Pennsylvania, providing that the amount paid a county officer and his clerks shall not exceed the aggregate amount of fees earned during the term and collected by such officer.

An assistant district attorney is a public officer who performs the same functions as the district attorney. He prepares cases and tries them, comes in contact with the court and performs duties which are not usually performed by a clerk. He requires the same skill and learning as the district attorney, and when trying cases has independent control and direction of matters. He is a public officer and entitled to a full salary as provided in the Act of July 17, 1919, P. L. 995.

Argued December 8, 1920.   Appeal, No. 276, Oct. T., 1920, by plaintiff, from judgment of C. P. Schuylkill County, May T., 1920, No. 121, discharging alternative writ of mandamus in the case of Edward J. Maginnis v. John E. Schlottman.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Petition for alternative mandamus.   Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

124, (1921).] Assignment of Error—Opinion of the Court.

The court discharged the petition. The petitioner appealed.

*Error assigned* was the order of the court.

*Cyrus M. Palmer* and *James B. Reilly,* for appellant. —An assistant district attorney is a public officer and nòt a clerk, and under the Act of July 17, 1919, P. L. 995, the petitioner was entitled to his salary at the rate of $2,500 per year: Com. v. Moffit, 238 Pa. 255; Com. v. Moore, 71 Pa. Superior Ct. 365; Northumberland Co. v. Zimmerman, 75 Pa. 26; Act of May 3, 1850, P. L. 654; Act March 18, 1875, P. L. 25; Act March 31, 1876, P. L. 13; Bleiler v. Muldoon, 16 Pa. Superior Ct. 553.

*Arthur L. Shay* and *Edmund D. Smith,* for appellee, cited: Com. v. Hamilton, 74 Pa. Superior Ct. 419, 425; Dewey v. Lùzerne County, 74 Pa. Superior Ct. 300; Com. v. Moore, 266 Pa. 100; Com. v. Grier, 152 Pa. 176; Slattery v. Hendershot, 72 Pa. Superior Ct. 240.

OPINION BY TREXLER, J., March 5, 1921:

The case came before the lower court upon the petition of Edward J. Maginnis, the third assistant district attorney of Schuylkill County, praying that a writ of mandamus issue to the county controller commanding him to approve the bill for the salary of the petitioner. He had been regularly appointed the third assistant district attorney on January 5, 1920, by the district attorney of the county, under the Act of July 17, 1919, P. L. 995, the population of said county at that time being more than two hundred thousand and less than seven hundred and fifty thousand inhabitants. The bill he presented was for salary for the month of February at the rate of $2,500 per annum. The Act of 1919, supra, provides that in counties having a population of more than two hundred thousand and less than seven hundred and fifty thousand inhabitants, the district attorney shall have

authority to appoint a first assistant district attorney at an annual salary of $3,000, a second assistant district attorney at an annual salary of $3,000, a third assistant district attorney at an annual salary of $2,500, and with the approval of the president judge of the court of quarter sessions, may appoint a fourth assistant district attorney at an annual salary not to exceed $2,000.

Article XIV, section 1, of the Constitution provides, "County officers shall consist of Sheriffs, Coroners, Prothonotaries, Registers of Wills, Recorders of Deeds, Commissioners, Treasurers, Surveyors, Auditors or Controllers, Clerks of the Court, District Attorneys and such others as may from time to time be established by law." Article XIV, section 5, provides, "In counties containing over a hundred and fifty thousand inhabitants all county officers shall be paid by salary and the salary of any such officer and his clerks heretofore paid by fees shall not exceed the aggregate amount of fees earned during his term and collected by or for him." The total receipts of the office of district attorney for the month of January, 1920, were not sufficient to pay the salaries of district attorney and his assistants, and the expenses of the office, and the controller refused to pay the warrant because it did not appear that the earnings of the office were sufficient to pay the salaries of what he termed deputy district attorneys and the expenses of the office.

The question therefore for decision is whether an assistant district attorney comes within the terms of section 5, of article XIV, of the Constitution, which limits the salary of the district attorney and his clerks to the fees received. Is the assistant district attorney a "clerk"?

The Act of March 31, 1876, P. L. 13, as stated in its title, was passed to carry into effect the above section of the Constitution, and provides the payment of their fees into the proper county treasury by county officers and a reduction of the salary if the aggregate of the fees does not suffice to pay the amounts fixed for them. The act,

however, provides that the assistant district attorney among others shall be paid the full amount allowed to him by the bill, and in another portion of the act, it fixes certain salaries which shall be paid to the assistant district attorneys, the amount being determined by the population of the county. It is evident that the legislature understood that the language of the Constitution, section 5, article XIV, did not apply to assistant district attorneys, and subsequent legislation emphasizes this view. See Act of May 17, 1901, P. L. 261; Act of April 11, 1903, P. L. 167; Act of July 2, 1895, P. L. 424, and the Act of April 18, 1905, P. L. 206. We therefore start out with the legislative construction of the section. Our lawmakers did not regard the assistant district attorney as a clerk. The acts which recognize him as an officer have heretofore remained unquestioned. In the face of this practice on the part of the legislature, the court naturally hesitates to pronounce such interpretation erroneous and to invalidate for that reason statutes standing for a long period on the statute book. Where an act has been in operation for a long time without objection on the ground of its alleged unconstitutionality, courts will shrink even more than ordinarily from upholding such an objection to the same: Com. ex rel. Wolfe v. Butler, 99 Pa. 535; Sugar Notch Borough, 192 Pa. 349; Com. v. Gilligan, 195 Pa. 504; Kucker v. Sunlight Oil & G. Co., 230 Pa. 528; Kennedy Township Road, 50 Pa. Superior Ct. 619.

The word "assistant" is not equivalent to that of "clerk" or "deputy." In common speech the word "clerk" refers to a different class of persons than "assistant." The assistant district attorney performs the same functions as the district attorney. He prepares cases and tries them, comes in contact with the court, and performs duties which are not usually performed by a clerk. He requires the same skill and learning as the district attorney, and when trying cases has independent control and direction of matters. Under the United

Opinion of the Court.    [76 Pa. Superior Ct.

States statutes, with the same official designation, they are regarded as officers of the court: In re Leaken, 137 Fed. Rep. 680. No one would regard a reference to the "clerk" of the district attorney as applying to an assistant. Not being in the employ of the district attorney as a deputy or clerk, and being a public officer, he is entitled to the full salary provided to him. There can be no question of the power of the legislature to create a new office: Constitution, article XII, section 1; Com. v. Collier, 213 Pa. 138. It is useless to argue that the construction placed on the Constitution defeats the object of the section. Everyone may have his own ideas as to what the intention of the framers of that instrument intended to accomplish by it, but we are confined to the words employed, in ascertaining what their purpose was. In this particular case we are not confronted with any ambiguity. We need no rules of interpretation to help us arrive at the meaning of the phrase. The common speech of ordinary man is the only standard we need follow: Com. v. Bell, 145 Pa. 374; Page v. Allen, 58 Pa. 338; Raff v. Phila. et al., 256 Pa. 312; Matten v. Bachman, C. P. Berks Co., 48 Sept. Term, 1920.

The judgment is reversed, and the lower court is directed to issue the mandamus as prayed for.

PORTER, J., dissents.