# Maginnis *v.* Schlottman, Appellant.

*Public officers—Assistant district attorney—Compensation—Constitutional law — Constitution, article XIV, section 5 — Acts of March 31, 1876, and July 17, 1919.*

1. The Act of March 31, 1876, P. L. 13, recognizes that an assistant district attorney is not a clerk within the meaning of article XIV, section 5, of the Constitution of Pennsylvania which provides that the amount paid a county officer and his clerks, in counties containing over 150,000 inhabitants, shall not exceed the aggregate amount of fees earned during the term and collected by such officers.

2. An assistant district attorney appointed under the Act of July 17, 1919, P. L. 995, is a public officer and entitled to the full salary provided by the act, regardless of the earnings of the district attorney's office.

Argued May 16, 1921. Appeal, No. 23, Jan. T., 1922, by defendant, from judgment of Superior Court, Oct. T., 1920, No. 276, reversing judgment of C. P. Schuylkill Co., May T., 1921, No. 121, discharging rule for alternative writ of mandamus, in case of Edward J. Maginnis v. John E. Schlottman, County Controller. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court. See 76 Pa. Superior Ct. 124.

The opinion of the Supreme Court states the facts.

The Superior Court reversed the common pleas (the decision of the latter being found in 49 Pa. C. C. R. 355; 16 Schuylkill L. Rec. 340, and 36 Montgomery Co. L. R. 305). Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Edmund D. Smith,* with him *Arthur L. Shay,* for appellant.

*James B. Reilly* and *Cyrus M. Palmer,* for appellee.

PER CURIAM, July 1, 1921:

Plaintiff was appointed third assistant district attorney of Schuylkill County and, under the provisions of the Act of July 17, 1919, P. L. 995, was entitled to receive a salary of $2,500 a year. Defendant, county controller, refused to approve plaintiff's bill for salary for the month of February, 1920, alleging the office of the district attorney had not earned sufficient fees to pay the claim. Plaintiff petitioned for a writ of mandamus commanding the controller to approve the bill. A demurrer

was filed and the court below dismissed the petition, which action was reversed on appeal to the Superior Court, and, at the instance of defendant, an appeal was allowed to this court. The sole question presented is whether plaintiff is entitled to the salary stipulated in the Act of 1919, irrespective of the earnings of the office of the district attorney.

Article XIV, section 1, of the Constitution of Pennsylvania makes the district attorney a county officer, and section 5 of that article provides that "compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees ......into the treasury of the county," etc., and in counties containing over 150,000 inhabitants (which includes Schuylkill County), "all county officers shall be paid by salary, and the salary of any such officer and his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term and collected by or for him." In the present case the fees of the office are conceded to be less than the total salaries of the district attorney and his clerks, if his assistants are included within the meaning of the word "clerk," as used in this clause of the Constitution.

The Act of March 31, 1876, P. L. 13, passed to carry the above constitutional provisions into effect, provided, in section 16, inter alia, that the assistant district attorneys "shall be paid the full amount allowed to them by this bill," and all fees accruing by virtue of their office shall be paid into the county treasury, and further that "all other officers shall be paid the amounts herein assigned them only when the net receipts of the respective offices shall reach the amount herein respectively fixed for them." Section 7 created a salary board with power to determine the number of "deputies and clerks required for the proper dispatch of business of each of such offices and for fixing the salaries of such of said clerks and deputies." The provisions of the Act of 1876, so far as the amount of salaries is concerned, have been super-

seded by subsequent legislation, the last of which is the Act of 1919, above referred to. By the Act of 1876, however, and subsequent statutes, the legislature plainly recognized the fact that section 5, article XIV, of the Constitution, limiting the salaries of district attorneys to fees collected by their office, did not apply to assistant district attorneys, and that such officers should not be considered as "clerks" of the district attorney within the meaning of that word as used in the Constitution. Neither is he a deputy or clerk, in the employ of the district attorney, whose salary is to be fixed by the salary board as provided in section 7 of the Act of 1876, but a public officer, and as such entitled to the full salary provided for him by law, regardless of the earnings of the district attorney's office.

We fully concur in the conclusion of the Superior Court and the reasons given in support of its decision.

The judgment of the Superior Court is affirmed, costs to be paid by appellant.