## Graeff v. Schlottman, County Controller, et al.

*Public officers — Sheriff's solicitor — Counties of fourth class — Constitutional law—Title of act—Act of May 10, 1923.*

1. The Act of May 10, 1923, P. L. 183, entitled "An act authorizing sheriffs in counties of the fourth class to appoint a solicitor, prescribing the duties of said solicitor and fixing his salary," is sufficient in its title to indicate a provision in the body of the act that the salary is to be paid by the county.

2. The authorization to appoint a solicitor implies duties to be performed by the person so appointed, and implies also the duty of somebody to pay for such performance; therefore, such implications are a sufficient notice to all persons interested to look into the act of authorization for provisions respecting the duties to be performed and for the payment for performing them.

3. The motives of legislators, real or supposed, are not open to judicial inquiry or consideration.

*Constitutional law—Local and special legislation—Appointment of sheriff's solicitor—County officers—Compensation—Act of May 10, 1923.*

4. The Act of May 10, 1923, P. L. 183, authorizing the appointment of sheriffs' solicitors in counties of the fourth class, is not local or special legislation.

5. Sheriffs' solicitors are county officers, and as such their compensation is properly paid out of the county treasury.

Petition and rule to show cause why mandamus should not issue. C. P. Schuylkill Co., Sept. T., 1925, No. 317.

*Daniel J. Boyle*, for plaintiff; *E. D. Smith*, for defendants.

KOCH, J., Oct. 26, 1925.—The petition and answers show that the petitioner is a member of the Schuylkill County Bar; that Schuylkill County is a county of the fourth class; that, prior to Oct. 1, 1923, the Sheriff of Schuylkill County, Robert E. Jenkins, appointed the petitioner as his solicitor; that the petitioner has held said office from the date of his appointment until the time of the filing of his petition, to wit, July 27, 1925, and has performed all the duties connected with said office as solicitor for the sheriff; that section 2 of the Act of May 10, 1923, P. L. 183, provides that in all counties of the fourth class the solicitor of the sheriff shall receive a salary of $500 per annum, but the respondents contend that said act imposes no duty upon the County of Schuylkill to pay the salary of the solicitor for the sheriff; that on Oct. 31, 1923, a warrant was issued by the County Commissioners of Schuylkill County to the county treasurer requiring him to pay to the petitioner $41.66 as salary for October, 1923, and said warrant was duly presented to the county controller, but he refused to approve the same. The county controller withheld his approval of said warrant because he contends that the Act of May 10, 1923, P. L. 183, does not legally impose any liability on the County of Schuylkill for the salary claimed by the petitioner as solicitor for the sheriff, holding that the act violates the following provisions of the Constitution of the State of Pennsylvania:

Graeff v. Schlottman, County Controller, et al.

*"(a)* Article III, section 3. No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

*"(b)* Article III, section 7. The general assembly shall not pass any local or special law regulating the affairs of counties."

The Commissioners of the County of Schuylkill have offered to issue warrants for the payment of salary claimed by the petitioner from and after October, 1923, but the county controller has consistently refused to approve and countersign such warrants, and, until so approved, the treasurer will not pay the warrants. The petitioner, therefore, now seeks a writ of mandamus on the controller and the treasurer to respectively approve and pay said warrants.

Said Act of May 10, 1923, is entitled "An act authorizing sheriffs in counties of the fourth class to appoint a solicitor; prescribing the duties of said solicitor, and fixing his salary." The 1st section authorizes the sheriff to appoint one person, learned in the law, as his solicitor, and the 2nd section is as follows: "Said solicitor shall advise upon all legal matters that may be submitted to him, and shall conduct any litigation when requested so to do by the sheriff. The solicitor shall hold office for the term for which the sheriff was elected, and shall receive a salary of $500 per annum, to be paid out of the county treasury."

*As to the title of the act.*—The subject of the act is single and is clearly stated in the title. The subject is the authorization of sheriffs in counties of the fourth class to appoint a solicitor, although the sheriff and all other officers in all the counties of the State have always had, and still have, the undoubted right and authority to employ, at their own expense, as many lawyers as they please. As the subject is single and clearly stated, the act is not unconstitutional on that ground. Defining the duties and fixing the compensation are subordinate to the main subject, which is the appointment of a solicitor. If fixing his duties and compensation are subjects, then the title has three subjects and violates the constitutional provisions against the multiplicity of subjects in the title. Those matters are merely natural subdivisions under the main subject. They are subordinate to it and need not be stated in the title. The General Borough Act of May 14, 1915, P. L. 312, contains thirteen chapters and occupies 160 pages of the Pamphlet Laws, yet its title is brief, being this: "An act providing a system of government for boroughs, and revising, amending and consolidating the law relating to boroughs." And many other long acts with short titles may be found, but their constitutionality is undoubted. "If a title fairly gives notice of the subject of an act so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index of the contents, as has often been said:" Allegheny County Home's Case, 77 Pa. 77, 80; Gas and Water Co. *v.* Downington Borough, 193 Pa. 255, 262.

The authorization to appoint a solicitor implies duties to be performed by the party so appointed, and implies also the duty of some party to pay for such performance; therefore, such implications are a sufficient notice to all interested parties to look into the act of authorization for provisions respecting the duties to be performed and for the payment of performing them. I think the title to the act would be sufficient if it ended at the first semi-colon. The subject of the act may be one thing, while the real purpose or object of the party proposing the act may be so nicely coiled up in the body of the act that it can be discernible only upon perusal of the act. The act before us may illustrate this fact. It authorizes sheriffs in counties of the fourth class to

do, in part, what they could do before the act was passed, to wit, to appoint a solicitor and to tell him what to do. But it goes two steps farther, one fixing the compensation and the other shifting the burden of that compensation from the sheriff's purse to the county treasury. It is possible that the last two may have been the real purposes which existed in the mind of the author and prompted him to frame the act. But the motives of legislators, real or supposed, are not open to judicial inquiry or consideration: Com. v. Moir, 199 Pa. 534, 543. The author of the act might have framed the title to the bill so that its subject might immediately make its real object apparent, thus: "An act providing for the payment by the county of sheriffs' solicitors in all counties of the fourth class." Under such title, an act could provide for the appointment of a single solicitor, define his duties, fix his compensation and provide for the payment thereof. However, when the subject is single and clear, as in the act under consideration, an act may not be declared unconstitutional simply because the subject, as clearly stated in its title, does not disclose the underlying reason for the main object of the legislation. "We cannot try the constitutionality of a legislative act by the motives and designs of the law-makers, however plainly expressed. If the act itself is within the scope of their authority, it must stand, and we are bound to make it stand, if it will, upon any intendment. It is its effect, not its purpose, which must determine its validity. Nothing but a clear violation of the Constitution— a clear usurpation of power prohibited—will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void:" Pennsylvania R. R. Co. v. Riblet, 66 Pa. 164, 169; Com. v. Keary, 198 Pa. 500; Com. v. Moir, 199 Pa. 534, 543. "It is no part of our business to discuss the wisdom of this legislation. However vicious in principle we might regard it, our plain duty is to enforce it, provided it is not in conflict with the fundamental law:" Scowden's Appeal, 96 Pa. 422, 425. True, this act imposes a burden on counties that was not theretofore imposed upon them; but it cannot be said on that account alone, as was stated in Fedorowicz v. Brobst, 254 Pa. 338, 341: "There is not to be found in its title even a hint that the burden heretofore not borne by counties is to be imposed upon them," for the language down to the first semi-colon of the title is sufficient to hint that a solicitor is to be not only appointed, but that he is to have something to do after he is appointed and that somebody shall pay him for doing it. And it is a sufficient notice to curious or interested persons to inquire as to what the solicitor is to do, what he shall be paid and who shall pay him.

The constitutionality of this act, so far as its title is concerned, was well considered by Williams, J., in the case of Hallman v. Montgomery County, 6 D. & C. 239, and we adopt the conclusion therein concerning this point.

*Is the act local or special legislation?* By the Act of July 10, 1919, P. L. 887, the counties of this State have been divided into eight classes; among the reasons therefor, as expressed in the preamble, one being that "The great diversity in population and the physical condition of the several counties requires separate laws for their government and the regulation of their affairs." Counties having a population of more than 150,000 and less than 250,000 constitute the fourth class. Such classification is constitutional (Wheeler v. Philadelphia, 77 Pa. 338), and is no longer questionable: Com. v. Moir, 199 Pa. 534, 553. "There can be no proper classification of cities or counties except by population:" Com. v. Patton, 88 Pa. 258, 260. Such being the case, the general assembly may enact laws which they deem necessary and appropriate for the respective classes. That has been done repeatedly for townships, boroughs, cities and counties.

"There can be no question of the power of the legislature to create a new office: Constitution, art. XII, § 1; Com. v. Collier, 213 Pa. 138:" Maginnis v. Schlottman, 76 Pa. Superior Ct. 124, 128. When new offices are needed, the legislature may properly create them, and, when created, they may be filled by appointment: Com. v. Collier, 213 Pa. 138. The sheriff is generally a person not learned in the law and requires the services of a lawyer from time to time; and if the legislature sees proper to provide him with a lawyer, it surely may do so. And it seems to me that a solicitorship so authorized by law is a county office. Therefore, I see no reason why the sheriff's solicitor may not be paid out of the county stock as well as a deputy district attorney, as was decided in the case of Maginnis v. Schlottman, 271 Pa. 305. Prior to the passage of the act in question, the sheriff was obliged to compensate his lawyer himself; but the act now relieves him of that burden in counties of the fourth class, and we are not concerned with any reason that the legislature may have had in not making the same rule apply to all the counties in the State. It may be possible that in each county of the fourth class it has been found that the sheriff's fees are not even sufficient to pay the salaries of the sheriff, his deputies and his clerks, and that this legislation was purposely enacted to relieve the sheriff from the expense of maintaining a lawyer whose advice is often clearly necessary for the proper administration of the sheriff's office.

Were the sheriff to act without necessary advice in certain cases, the litigation ensuing his action might put his county to an expense for jurors' fees and mileage amounting to a number of times the salary of a solicitor. Therefore, in order to save such expense, it is necessary for the sheriff to be properly advised from time to time, because he might be without the means required to pay for the advice, or the cost thereof might be a hardship on him. Such conditions create the necessity for legislation for a particular class, and in such cases the legislation does not offend the constitutional inhibition against passing local or special laws. Classification as a mere pretext for special or local legislation has received no judicial sanction. "On the contrary, the underlying principle of all the cases is that classification, with the view of legislating for either class separately, is essentially unconstitutional unless a necessity therefor exists; a necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes, and imperatively demanding legislation for each class, separately, that would be useless and detrimental to the others. Laws enacted in pursuance of such classification and for such purposes are, properly speaking, neither local nor special. They are general laws because they apply alike to all that are similarly situated as to their peculiar necessities:" Ayars's Appeal, 122 Pa. 266, 281. The legislature may be presumed to know of the necessity for such legislation, and must also be presumed to have been governed by that necessity. Besides, section 5 of article XIV of the Constitution provides that: "In counties containing over 150,000 inhabitants, all county officers shall be paid by salary, and the salary of any such officer and his clerks heretofore paid by fees shall not exceed the aggregate amount of fees earned during his term and collected by or for him." Now, if the sheriff's solicitor is a county officer who shall be paid a salary, just as the sheriff shall be paid a salary, the earnings of the sheriff's office have nothing to do with the solicitor's salary, because the solicitor is not a clerk in the sheriff's office. See Maginnis v. Schlottman, 271 Pa. 305. The legislature may create new county offices: Constitution, art. XIV, § 1. The act under consideration would, therefore, appear to be valid. If it be lawful to pay township solicitors, school district

Graeff *v.* Schlottman, County Controller, et al.

solicitors, borough solicitors, city solicitors, county solicitors and county controllers' solicitors out of the public stock, why should it be unlawful to pay the sheriff's solicitor out of the county stock?

The rule is made absolute and the prothonotary is directed to issue a writ of peremptory mandamus, the county to pay the costs.

From M. M. Burke, Shenandoah, Pa.