## Hunter *v.* Retirement Board of Allegheny County et al., Appellants.

Argued March 21, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Artemas C. Leslie,* of *McCloskey, Best & Leslie,* for appellants.

*Elder W. Marshall,* with him *Edmund K. Trent,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 17, 1944:

Ralph F. Hunter was employed as a clerk in the office of the County Treasurer of Allegheny County from July 1, 1909 to August 15, 1910, and as a clerk in the County Court from July 17, 1911 to November 30, 1921. During those periods he made the payments into the Pension Fund required by the Acts of May 11, 1915, P. L. 285, and May 8, 1919, P. L. 138. On December 1, 1921, he became an Assistant District Attorney of Allegheny County and requested the Pension Board to accept payments of the proper percentage of his monthly salary as his contributions to the fund, but the Board refused this tender and others which he subsequently made, holding that he was not a "county employe" within the meaning of that term in section 1 of the 1919 Act. A county employe is there defined to be "any person employed by the county at a wage or salary payable at stated intervals; . . . The term does not include any person elected by the vote of the people." Confronted with this ruling Hunter, on December 3, 1921, withdrew from the fund the amount of his previous contributions. On March 1, 1936, the Retirement Board, which, by the Act of May 22, 1933, P. L. 840, had replaced the Pension Board, decided that plaintiff *was* a county employe and accepted his payments into the fund from that date until February 28, 1942, at which time he was separated from service in the District Attorney's office by reason of no cause or act of his own. On April 17, 1939, he restored to the fund the contributions he had withdrawn in 1921 and this repayment was accepted by the Board as a discharge of his obligation for contributions prior to December 1, 1921.

When Hunter was retired from the service in 1942 he had reached the age of fifty years and had paid contributions into the pension and retirement funds for an

aggregate period of seventeen and a half years, the only gap between July 1, 1919 and February 28, 1942, being the period from December 1, 1921 to March 1, 1936, during which time the Board had refused to recognize him as a member. He is now seeking the retirement allowance of $95 per month to which he is entitled if he pays into the fund a proper amount to cover the interregnum referred to. The question is: What is that proper amount?

While it is true that in *Maginnis v. Schlottman,* 271 Pa. 305, 114 A. 782, it was held that an Assistant District Attorney is a public officer and not a clerk within the meaning of article XIV, section 5 of the Constitution, there would seem to be no reason to doubt that he is "a person employed by the county at a wage or salary payable at stated intervals". In section 1 of the Act of May 8, 1919, P. L. 138, and section 311 of the General County Law of May 2, 1929, P. L. 1278, the line of differentiation is apparently not between minor employes and public officers but between appointed and elected employes. By the amendatory Act of April 4, 1935, P. L. 12, there was added to Section 311 of the General County Law the provision that "In all cases of doubt, the Retirement Board shall determine who is an employe within the meaning of this act." Evidently the Board must have come to the conclusion that Hunter, as an Assistant District Attorney, *was* an employe within the meaning of the act, because, as already stated, it admitted him to the retirement system on March 1, 1936. Since the passage of the amendatory Act of May 22, 1933, P. L. 840, even elected officials may, at the option of the Board, be included as county employes.

By section 325 of the General County Law, as amended by the Act of June 15, 1939, P. L. 365, it is provided that "Any county employe who desires to be given credit for previous service in the employ of the county as an elected or. appointed employe or official, where such service was rendered to the county at a time when . . . such employe was not a member of the

county retirement system, shall make application to the Retirement Board and, upon approval thereof, shall pay into the retirement fund a sum equal to twice the payment which such employe would have made . . . had such person been a member and had the payments been made in accordance with the provisions of this act. In addition thereto, interest at the legal rate shall be paid from the date when the said monthly payment would have been made. Thereafter such county employes shall make monthly payments in accordance with the provisions of section three hundred and eighteen of this act." It is the contention of the Board that this section is not applicable to Hunter's case because it refers only to current or continuing employes, but the Board is nevertheless willing, under the discretionary power vested in it by section 315, to grant him the relief for which section 325 provides if he will meet the condition there prescribed, namely, that he pay a sum equal to the total of the monthly payments, doubled, with interest, covering the entire period of fourteen years and three months from December 1, 1921 to March 1, 1936, during which time his payments had originally been rejected; the amount thus demanded is $2,535.86. Hunter, on the other hand, points to section 320 of the General County Law, as amended by the Act of June 15, 1939, P. L. 365, which provides that "when any employe has had twenty or more years of service, not necessarily continuous, and has reached the age of fifty years, and shall be or shall have been separated from the service by reason of no cause or act of his own, upon application to the board shall thereafter receive during life a retirement allowance as herein provided for." He contends that having made payments during approximately seventeen and a half years he need now make payments under section 325, doubled, with interest, only for a period of two and a half years to complete the minimum of twenty years thus specified. The extent of this obligation would be $312.75, which the court below accepted as the proper

amount now due by Hunter in order to qualify him for his retirement allowance.

We agree with the Retirement Board that section 325 does not govern Hunter's case, but only for the reason that it provides for credit for service rendered while the employe was not a member of the retirement system, whereas, in our opinion, Hunter must be deemed to have been such a member throughout his entire service including the period in which he was excluded by the Pension Board. Having been entitled to membership, and having made tender of the contributions required of him, he could not legally be deprived of it by the unauthorized action of the Board, and his status must now be regarded as that which it would have been in fact had his rights been accorded him. He is not, therefore, to be penalized by being required to make double payments for which he was originally obligated, nor, having made tender, to pay interest on the amounts then due: *Lower Yoder Township School District v. Title Trust & Guarantee Co.*, 318 Pa. 243, 248, 178 A. 475, 477. However, he would have been obliged, under the retirement system legislation, to continue his monthly payments during the entire time he remained in service, including the period from December 1, 1921 to March 1, 1936, and he could not have limited such payments to a twenty year period or any time less than that during which he was in the employ of the county. It is provided in section 318 of the General County Law, as amended, that no employe shall be entitled to a retirement allowance who does not make the monthly payment therein required, such payment consisting of a percentage of the amount received by him from the county as salary or wages during each and every month of his service. The payments which he would therefore have been obliged to make from December 1, 1921 to March 1, 1936, amount to $769.86, and it is that amount which, without interest, he must now pay into the fund as the condition precedent to receiving his retirement allowance.

The Board makes some point of the fact that Hunter withdrew his previous contributions when, on becoming an Assistant District Attorney, he was dropped by the Board as a member of the retirement system. This action, however, was induced by the Board's insistence on an erroneous interpretation of the law, and he cannot be held estopped by reason thereof, especially as the withdrawn funds were repaid in 1939 and the Board accepted the repayment as a satisfaction of his obligation in respect thereto.

The judgment is affirmed with the modification that the payment from plaintiff therein referred to shall be $769.86 instead of $312.75; plaintiff to pay the costs.