Mauch *v.* Allegheny County Retirement Board,
Appellant.

Argued March 17, 1955. Before STERN, C. J.,
STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-
NOLD, JJ.

*John P. Hester,* for appellant.

*John A. Metz, Jr.,* with him *Metz, McClure, Hanna & MacAlister,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, April 18, 1955:

Appellee, Frank Albert Mauch, filed a petition in which he prayed for a declaratory judgment adjudging that he be entitled, upon his retirement from employment with Allegheny County, to a retirement allowance from the Retirement System, administered by appellant, the Retirement Board of Allegheny County. The answer of the Board admitted all the averments in Mauch's petition but, by way of further answer, averred that his right to the allowance was barred by the Act of March 31, 1937, P. L. 191, Sec. 12, 16 PS §326, and the Act of July 28, 1953, P. L. 723, Art. XVII, Sec. 1716, 16 PS §2151-1716. Mauch filed a motion for judgment on the pleadings which was sustained, and from the judgment entered in his favor the Retirement Board has appealed.

The admitted averments of the petition are as follows: Mauch was employed by Allegheny County on June 15, 1925 and remained in the employ of the County until March 31, 1933, at which time he was "furloughed". During this period he regularly made all required payments into the Retirement Fund administered by appellant. At the time of his furlough, Mauch withdrew all his contributions from the fund as permitted by law. From January 2, 1901 to January 15, 1925, Mauch had served as an employe of the City of Pittsburgh, and from May 28, 1915 until he attained

the age of sixty, on March 26, 1939, he regularly made all payments required by law into the City Pension Fund, pursuant to the provisions of the Act of May 28, 1915, P. L. 596, as amended, 53 PS §9411, and thereby became entitled to a City pension.

Mauch returned to active duty as an employe of the County of Allegheny on April 13, 1937 and ever since has been so employed. From that date to the present time he has regularly made all payments into the County Retirement Fund. On November 19, 1947 he repaid to the Retirement Fund the full amount of the contributions withdrawn by him, with interest from the date of withdrawal to the date of payment. He was thereupon notified in writing by the Retirement Board that, as of December 31, 1947, he had eighteen years, six months and two days of service applicable toward his eligibility for allowance from the Fund.

The determinative issue is whether appellee, who became eligible to receive a pension from the City of Pittsburgh on March 26, 1939, is prevented by the Acts of 1937, supra, and 1953, supra, from being presently entitled upon retirement to a pension from the County Retirement Fund. The Act of 1937 provides, inter alia, as follows: ". . . Hereafter no person who, at the time of his employment as a county employe, is receiving or is eligible to receive retirement allowance from the Commonwealth of Pennsylvania, or any other political subdivision thereof, shall be eligible to receive a retirement allowance from the county retirement system.".

The Act of 1953 provides, inter alia: ". . . No county employe who is receiving or is eligible to receive a pension or retirement allowance from the Government of the United States, except such persons who are receiving or eligible to receive a pension or retirement allowance from the said Government by reason of their

military service, the Commonwealth of Pennsylvania or any political subdivision thereof shall be eligible to receive a retirement allowance from the county employes retirement system. Said county employe shall immediately report such fact to the board.".

If appellee, who became sixty years of age on March 26, 1939, had served the County *continuously* from his initial employment on June 15, 1925 to the present time, a period of more than twenty years, under our decisions, he would be presently entitled upon retirement to receive retirement allowance from the County Fund despite the above quoted provisions of the Acts of 1937 and 1953. See *Baker v. Retirement Board of Allegheny County*, 374 Pa. 165, 97 A. 2d 231; *Hickey v. Pittsburgh Pension Board*, 378 Pa. 300, 106 A. 2d 233. However, the question arises: Was he so continuously employed? The appellant Retirement Board contends that the continuity of his employment was broken when he was "furloughed" on March 31, 1933, and that when he returned to County employment on April 13, 1937, he must be considered a new County employe as of that date and, therefore, subject to the 1937 Act, the effective date of which was March 31, 1937.

Under the pleadings appellee was not dismissed or discharged, but was "furloughed". In *Jones v. Metropolitan Life Insurance Company*, 156 Pa. Superior Ct. 156, 39 A. 2d 721, the Court at p. 165 said: ". . . Furlough is usually used in granting a temporary leave of absence to one in the armed service of the country, or a governmental official or an employee. . . . While a furlough might perhaps indicate a leave of absence, it is never commonly understood as a discharge or a resignation . . .". Appellant contends that appellee's withdrawal of his contributions to the Retirement Fund at the time he was furloughed establishes that his em-

496

ployment was terminated because such withdrawal is authorized only when a county employe "shall, for any cause, cease to be an employe of the county" as provided in Art. III, Sec. 324 of the Act of May 2, 1929, P. L. 1278, 16 PS §324. However, if appellant improperly permitted appellee to withdraw his contributions, it subsequently permitted him to repay the same with interest and restored his eligibility for retirement allowance on the basis of continuous service from the date of his initial employment on June 15, 1925. See Art. III, Sec. 325 of the Act of 1929, supra. By this action appellant recognized that appellee's "furlough" did not constitute a severance of his employment, and rectified the error apparently made in permitting him to make the withdrawal of his contributions: Cf. *Hunter v. Retirement Board of Allegheny County et al.*, 349 Pa. 224, 230, 36 A. 2d 793.

Under the circumstances, in our opinion the appellee is presently entitled upon retirement to receive retirement allowance from the fund administered by the appellant Board.

Judgment affirmed.

Mr. Justice JONES dissents.