## Schmidt, Appellant, v. Allegheny County Retirement Board.

Argued October 6, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

*Robert F. Banks,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*John P. Hester,* Solicitor, for Allegheny County Employes Retirement System, appellee.

OPINION BY MR. JUSTICE COHEN, November 10, 1958:

The appellant, Edward Lewis Schmidt, filed a complaint in mandamus to compel the Retirement Board of Allegheny County to pay him a retirement allowance. The Retirement Board filed an answer admitting the material allegations of fact in the complaint, whereupon Schmidt moved for judgment on the pleadings. The lower court refused Schmidt's motion and instead entered judgment for the defendant. This appeal followed.

Schmidt was employed by the County of Allegheny from June 21, 1916, to December 31, 1934, primarily as an engineer in the planning division of the Department of Public Works. During this period he made regular contributions to the county retirement system. On December 31, 1934, he resigned from the employ of the county and thereafter withdrew all of his contributions from the retirement system.

On November 15, 1936, Schmidt again accepted employment with Allegheny County and continued in the county service until February 28, 1939, when for the second time he voluntarily resigned. During this second term of employment he made all the required contributions to the retirement system and left the amount so paid on deposit with the fund after his separation from the service. Even though on the date of his second resignation Schmidt had served in the employ of the county for more than twenty years, he was not then eligible to receive a retirement allowance under the applicable retirement law since he was not sixty years of age and had not repaid the retirement contributions for 1916-1934 which he had withdrawn.

Thereafter, for sixteen years Schmidt was employed by the Department of Highways of the Commonwealth of Pennsylvania, retiring in January, 1955, with a retirement allowance from the State Employes' Retirement System of the Commonwealth.

On February 7, 1955, Schmidt entered the employ of the county for the third time. But within three weeks, after making one payment to the retirement fund, he voluntarily retired. In the course of this short period of employment he attempted to obtain retirement credit for his 1916-1934 employment with the county by tendering to the Retirement Board the amount of the contributions withdrawn with accrued interest. The board refused Schmidt's tender because he was receiving a retirement allowance from the Commonwealth and, therefore, under the Act of July 28, 1953, P. L. 723, §1716, 16 P.S. §4716,[1] was not eligible

---

[1] "No county employe who is receiving or is eligible to receive a pension or retirement allowance from the Government of the United States, except such persons who are receiving or eligible to receive a pension or retirement allowance from the said Government by reason of their military service, the Commonwealth of

to receive a retirement allowance from the county. The court below agreed with the board that although the Act of 1953 became effective after Schmidt's second period of employment with the county, the act was nevertheless applicable to him. The correctness of their determination is the question presented on this appeal.

The board argues that the 1953 act enhances the actuarial soundness of the retirement system; therefore, on the authority of *Harvey v. Allegheny County Retirement Board,* 392 Pa. 421, 141 A. 2d 197 (1958), since Schmidt was not yet eligible to receive the retirement allowance, he is subject to the provisions of this legislation. We do not agree with their contention. The Act of 1953 is not the kind of retirement law which is reasonably related to enhancing or strengthening the actuarial soundness of the retirement fund. Cf. *Baker v. Retirement Board of Allegheny County,* 374 Pa. 165, 97 A. 2d 231 (1953), and *Hickey v. Pittsburgh Pension Board,* 378 Pa. 300, 106 A. 2d 233 (1954). The purpose of the Act of 1953 was to give effect to the public policy against governmental employes receiving more than one retirement allowance from governmental retirement systems.

Nevertheless, there is another basis upon which we find that the Act of 1953 is applicable to the appellant.

Essentially, Schmidt's position is that since he had on deposit with the retirement system the payments he made to the retirement fund during his employment from November 16, 1936 to February 28, 1939, he remained a member of the retirement system and

---

Pennsylvania or any political subdivision thereof shall be eligible to receive a retirement allowance from the county employe retirement system. Said county employe shall immediately report such fact to the board."

when he was re-employed by the county in 1955, his eligibility for retirement benefits was to be determined under the rules and regulations governing the retirement system in 1936.

However, Schmidt's status as a member of the retirement system is not to be determined by whether his contributions were left on deposit, but rather by his employment relationship with the county. The fact that a county employe is permitted to leave his contributions to a retirement fund on deposit after his separation from the county service does not require the conclusion that he remains a member of the retirement system whose eligibility for retirement after returning to county employment is governed by the laws existing at the time of his first employment instead of the legislation in effect at the time of his rejoining the county service.

In *Mauch v. Allegheny County Retirement Board*, 381 Pa. 492, 113 A. 2d 230 (1955), we held that the employment relationship is not terminated when an employe is *furloughed* and, therefore legislation passed during such a furlough could not affect the retirement interests of a furloughed employe. But the *Mauch* case is not apposite. Here, Schmidt was not *furloughed* —*he had resigned;* and a resignation or a discharge completely severs the employment relationship. Cf. *Jones v. Metropolitan Life Ins. Co.,* 156 Pa. Superior Ct. 156, 39 A. 2d 721 (1944).

The legislature reaffirmed and codified this principle in the 1955 amendment to the Second Class County Code,[2] by providing that: "Any person who has heretofore or who shall hereafter cease to be a county employe, shall thereafter cease to be a member of the retirement system . . . ."

---

[2] Act of May 31, 1955, P. L. 111, §1, 16 P.S. §4714.

Consequently, when Schmidt was re-employed by the county, he was to be treated as a new county employe subject to the retirement laws as of the date of his re-employment. He cannot escape the impact of legislation which was enacted after the time that he had terminated his relations as an employe of the County of Allegheny. Once an employe who has left the service of the county renews his employment therewith, he accepts as part of his contract of employment the favorable and unfavorable provisions of all legislation enacted during the period of his separation from the county service. Therefore, when Schmidt voluntarily resumed his employment with the county in 1955 he must be held to have accepted the retirement system under the rules and regulations then in force, including the proscription against receiving more than one governmental allowance.

We hold that Schmidt, as a former employe who had not attained eligibility to receive a retirement allowance, is subject to legislation changing the rules of the retirement system enacted after he left the employ of the county and before he rejoined the retirement system even though the changes in the rules do not bear a reasonable relationship to the actuarial soundness of a retirement fund.

Judgment affirmed.