528 A.2d 1071

Richard B. Klein, Petitioner *v.* Commonwealth of Pennsylvania, State Employees' Retirement Board, Respondent.

Argued February 25, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Richard B.. Klein,* with him, *Henry T. Reath* and *Judith N. Renzulli, Duane, Morris & Heckscher,* for petitioner.

*Susan J. Forney,* Senior Deputy Attorney General, with her, *Nicholas Joseph Marcussi,* Deputy Attorney General, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARRY, July 27, 1987:

Richard B. Klein (claimant) appeals an order of the State Employees' Retirement Board (Board) denying his request for reinstatement to class E-1 status under the State Employees' Retirement Code of 1959, Act of June 1, 1959, P.L. 392, *as amended, formerly* 71 P.S. §1725-101—§1825-809, repealed by the Act of March 1, 1974, P.L. 125, 71 Pa. C. S. §5101-§5956 (1974 Code).[1]

The facts are undisputed. Claimant first became a member of the State Employees' Retirement System (system) on May 4, 1967, when he accepted a position as special assistant attorney general. On December 30, 1971, he was appointed judge for the Court of Common Pleas of Philadelphia County and, thus, became eligible for class E-1 status under the 1959 Code. When this appointment expired on January 6, 1974, claimant elected to withdraw his accumulated deductions effective February 26, 1974. On January 5, 1976, following a successful election, claimant began serving a new term as common pleas judge. On January 7, 1976, he re-

---

[1] The classes of membership in the system are set forth in Section 202 of the Code at 71 P.S. §1725-202.

quested reinstatement to the class E-1 status he had held during his first term as judge. Claimant was given credit for all his years of prior service and he was permitted to repay the contributions he had previously withdrawn. However, his request for reinstatement to class E-1 status was denied on grounds that such reinstatement is prohibited by the 1974 Code. The Board affirmed this determination and the present appeal followed.

We must decide two questions. First, whether the Board's refusal to permit claimant to reenter the system as a class E-1 contributor is an unconstitutional impairment of his retirement contract under the 1959 Code. Second, whether the Board's refusal to permit claimant to reenter the system as a class E-1 contributor is a direct violation of the consent decree entered into by claimant and all the members of the class action suit in *Catania v. State Employees' Retirement Board*, 71 Pa. Commonwealth Ct. 393, 455 A.2d 1250 (1983).

With respect to the first argument, claimant relies on the following language found in Section 208 of the 1959 Code:

> When a contributor ceases to be a state employe his credited service is cancelled if he withdraws his accumulated deductions, but if he returns or has returned to service as a State employe and a contributor the credited service forfeited by him at the time of separation from service shall be restored in full to him as of the date he shall have restored to the fund, to the credit of the members' annuity savings account in such manner as may be agreed upon by the State employe and the retirement board, his accumulated deductions as they would have been at the time of his separation.

71 P.S. §1725-208. He maintains that this section guarantees him the right to reenter the system under

the very same terms and conditions which existed at the time of his original membership. He also points to the fact that, before withdrawing his funds, he wrote a letter to the Administrative Office of the Pennsylvania Courts stating, in part, as follows:

> At this point in time, I wish to withdraw the funds that have been deposited in the pension fund. I understand that if I resume state service, I can repay these funds and receive credit for prior service. I also understand that unless I withdraw the funds, they will be held by the Commonwealth without interest. If I am correct in these assumptions, I'd appreciate it if you would assist me in having the funds returned. Otherwise, please advise.

He concludes that by not advising him to the contrary, the Commonwealth agreed that he would not be penalized for withdrawing his funds. Additionally, claimant relies on Pennsylvania case law which clearly establishes that a unilateral reduction in retirement benefits is absolutely prohibited, even when it involves non-vested members. *Association of Pennsylvania State College and University Faculties v. State System of Higher Education,* 505 Pa. 369, 479 A.2d 962 (1984); *Wright v. Allegheny County Retirement Board,* 390 Pa. 75, 134 A.2d 231 (1957); *Baker v. Retirement Board of Allegheny County,* 374 Pa. 165, 97 A.2d 231 (1953).

We initially note that the Board's decision is based on the following provision found under the 1974 Code:

§5306. Classes of service

(a) Class A membership.—A State employe who is a member of Class A on the effective date of this part or who becomes a member of the system subsequent to the effective date of this part shall be classified as a Class A member and receive credit for Class A service upon pay-

ment of regular and additional member contributions for Class A service.

    (b)   Other class membership.—A State employee who is a member of a class of service other than Class A on the effective date of this part shall retain his membership in that class until such service is discontinued; any service thereafter shall be credited as Class A service.

71 Pa. C. S. §5306. This section became effective March 1, 1974. Since claimant did not resume his membership into the system until January 5, 1976, the Board held that his reentry into the system must be governed by the 1974 code and his service, beginning January 5, 1976, must, therefore, be credited as Class A service. We agree.

Section 208 of the 1959 Code does not guarantee claimant the right to reenter the system under the same terms existing at the time his employment terminated. As the Board aptly noted, this section simply states that when a contributor returns to service "the credited service forfeited . . . shall be restored in full to him as of the date he shall have restored to the fund . . . his accumulated deductions as they would have been at the time of his separation." This has already been done. Claimant has been given full credit for his prior service as required by the 1959 Code and as stated in his letter to the Administrative Office of the Pennsylvania Courts.

The cases claimant relies upon are not controlling, although they do establish that unilateral legislative modifications which adversely affect future retirement benefits for past and current service are unconstitutional. None of the cases cited hold that a member who leaves the system must be offered the same retirement terms upon his return. This question was raised in *Mauch v. Allegheny County Retirement Board*, 381 Pa. 492, 113 A.2d 230 (1955), but it was not answered be-

cause the Supreme Court held that the employee's furlough did not constitute a break in employment. It is, of course, undisputed that a break in employment did, in fact, take place in the case at hand.

Consistent with the established case law, the 1974 Code did not diminish or modify claimant's retirement benefits for the service he rendered until his employment was terminated in 1974. That service has been properly credited under the 1959 Code. However, as the Board noted in its opinion, "[c]laimant cannot reasonably expect that the rights and benefits of the 1959 Retirement Code would continue to accrue to his benefit despite the lack of any contractual arrangement for employment with the Commonwealth or membership in the system."

Based on the foregoing, we conclude that claimant's classification as a Class A member is not an unconstitutional impairment of any contractual rights arising from his prior membership under the 1959 Code.

As we stated above, claimant's second argument is based on his membership in the *Catania* class action suit and his participation in the consent decree after this Court's decision in that case. He maintains that the consent decree directs his reinstatement to class E-1 status. We disagree.

The issue in *Catania v. State Employees' Retirement Board,* 498 Pa. 684, 450 A.2d 1342 (1982), was whether changes made by the 1974 Code could be applied to judges whose terms began prior to 1974.[2] More specifically, a group of judges sought a ruling declaring the modifications in the 1974 Code concerning contributions and multipliers unconstitutional. The Su-

---

[2] A second issue in *Catania* was the effect of a 1972 freeze. That question was resolved by the Supreme Court in favor of the judges but it is not an issue in the case at hand.

preme Court unanimously held that the modifications in question could not affect judges whose benefits had already vested. It remanded the case to this Court, however, to determine the effect the changes would have on judges whose benefits had not vested at the time the 1974 Code was enacted. We held that the changes were unconstitutional to these judges as well.

Clearly, both *Catania* decisions addressed the rights of those who were judges at the time the 1974 Code was enacted. They did not decide the question raised by claimant in this appeal, *i.e.*, the effect of the 1974 Code upon someone who was not an employee at the time the Code was enacted. Because this issue was not addressed in the opinions, it is not surprising that the consent decree reached subsequent to our *Catania* decision did not resolve the question either. The consent decree simply provided a mechanism for repayment and enforcement of the rights established by the courts. It did not create any new rights or resolve additional substantive questions.

We, therefore, conclude that the Board fully complied with the consent decree by classifying claimant's service from December 30, 1971 to January 6, 1974, as class E-1 service under the 1959 Code. His service beginning January 5, 1976 is properly classified under the 1974 Code as Class A service.

Affirmed.

#### ORDER

Now, July 27, 1987, the order of the State Employees' Retirement Board, dated January 22, 1986, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.