Liquor Control Board *v.* Kusic.

Argued October 30, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *J. Shane Creamer,* for appellant.

*Charles N. Caputo,* for appellee.

OPINION BY JUDGE BLATT, January 9, 1973:

This case raises the novel question as to whether or not an Assistant Attorney General may appeal to this Court on behalf of an administrative agency despite the fact the agency concerned has advised him that it does not wish to proceed with the appeal.

This action began when Gloria Kusic (Kusic) filed an application with the Liquor Control Board (Board) to transfer her Restaurant Liquor License from McKeesport to a location in White Oak Borough. Following a hearing, the Board refused the transfer and Kusic

appealed to the Court of Common Pleas of Allegheny County. That court reversed the Board's order and directed that Kusic be permitted to transfer her license. Upon receipt of this decision, the Assistant Attorney General assigned to the Board, Alexander J. Jaffurs (Jaffurs), advised the Board that an appeal from the decision should be filed with this Court. The Board, after considering the matter, decided not to appeal and so notified Jaffurs. Despite this action by the Board, Jaffurs proceeded to file an appeal on behalf of the Board with this Court. Kusic subsequently filed a motion to quash. Upon Jaffurs' request, an Opinion of the Attorney General (Official Opinion No. 149, 1972), directed to Edwin Winner, then Chairman of the Board, was obtained which supported Jaffurs' right to file this appeal.

It is Jaffurs' position that once this case went into litigation it came completely under the control of the Office of the Attorney General and that, as the Attorney General's representative, Jaffurs could act for the Board on all legal aspects of the case, including any appeal. His grounds for such a position are sections 512 and 902 of the Administrative Code of 1929, Act of April 9, 1929, P. L. 177, 71 P.S. §§192 and 292, which provide:

§512—"Whenever any department, other than the Department of the Auditor General, board, commission, or officer of the State Government, shall require legal advice concerning its conduct or operation, or when any legal difficulty or dispute arises, or litigation is commenced or to be commenced in which any department, other than the Department of the Auditor General, board, commission, or officer, is concerned, or whenever any taxes or other accounts of any kind whatever due the Commonwealth remain overdue and unpaid for a period of ninety days, it shall be the duty

of such department, board, commission, or officer, to refer the same to the Department of Justice.

"It shall be the duty of any department, other than the Department of the Auditor General, board, commission, or officer, having requested and received legal advice from the Department of Justice regarding the official duty of such department, board, commission, or officer, to follow the same, and, when any officer shall follow the advice given him by the Department of Justice, he shall not be in any way liable for so doing, upon his official bond or otherwise.

"Before the Department of Justice shall render any opinion, interpreting any appropriation act, or act authorizing the expenditure of money, it shall notify the Department of the Auditor General and the Treasury Department, of the question upon which its opinion has been requested, and afford to these departments an opportunity to present any views which they may have upon such question.

"It shall be unlawful for any department, other than the Department of the Auditor General, board, commission, or officer, of the Commonwealth, to engage any attorney to represent such department, board, commission, or officer, in any matter or thing relating to the public business of such department, board, commission, or officer, without the approval in writing of the Attorney General."

. . .

§902—"The Department of Justice shall have the power, and its duty shall be:

"(a)   To furnish legal advice to the Governor, and to all administrative departments, other than the Department of the Auditor General, boards, commissions, and officers of the State Government, concerning any matter or thing arising in connection with the exercise of the official powers or the performance of the official

duties of the Governor, or such administrative departments, boards, commissions, or officers;

"(b) *To supervise, direct and control all of the legal business of every* administrative department, other than the Department of the Auditor General, *board,* and commission of the State Government." (Emphasis added.)

While it would seem clear that the Attorney General is required by the Administrative Code to be the sole legal advisor to the Board, and that the Board is not permitted to take actions on legal matters which would be contrary to the advice of the Attorney General, this power is not necessarily all-inclusive. An administrative agency must abide by the Attorney General's advice only when the agency is acting *in an executive capacity,* and, when an agency is acting in its judicial or quasi-judicial capacity, legal advice cannot be imposed upon it. *Merchant's Warehouse Company v. Gelder,* 349 Pa. 1, 36 A. 2d 444 (1944). When matters reach the litigation stage, §903 of the Administrative Code, 71 P.S. §293, provides that: "The Department of Justice shall have the power, and its duty shall be: ... (b) To *represent* the Commonwealth, or any department, other than the Department of the Auditor General, board, commission, or officer thereof, in any litigation to which the Commonwealth or such department, board, commission, or officer, may be a *party,* or in which the Commonwealth or such department, board, commission, or officer, is permitted or required by law to intervene or interplead." (Emphasis added.)

In this particular case, when an appeal was taken from a ruling of the Board, §464 of the Liquor Code, Act of April 12, 1951, P. L. 90, as amended, 47 P.S. §4-464 governs, and it provides for the Board to "be *represented* in the proceeding by the Department of Justice." (Emphasis added.) It is important to note that the Attorney General merely "represents" the

Board. It is the Board which is the party to the litigation. Although the Board is bound by the Administrative Code to follow the legal advice of the Attorney General in most matters once litigation has been begun, the Attorney General is not thereby permitted to interfere with substantive issues relating to the means by which the Board accomplishes its legislative purpose.

The Board has been vested with a general administrative power under the Liquor Code. *Merchant's Warehouse Company v. Hitchler,* 335 Pa. 465, 7 A. 2d 455 (1939). As this Court has stated: " '(B)oards and commissions are not in the category of ordinary lay clients, but are quasi-judicial bodies, more nearly in the category of courts, and therefore not as directly subject to the legal advice of their lawyer as are lay clients.' " *York v. Public Utility Commission,* 3 Pa. Commonwealth Ct. 270, 284, 281 A. 2d 261, 268 (1971); affirmed, 449 Pa. 136, 295 A. 2d 825 (1972).

The question as to whether or not to appeal a judicial order is much more than merely a legal matter. When the Board makes a decision on such a question it must take into account the effect such action may have on the future administration of the Liquor Code. Often it must consider much more than the simple legal realities of the situation. If the Attorney General, therefore, or his representative, were to choose to appeal an adverse order in contravention of the Board's wishes, he would be imposing on those functions which have been assigned solely to the Board. He would be going beyond the powers accorded him by the Administrative Code and would in effect be taking a role as a party, rather than as a representative, of the Board.

It is true that Jaffurs' position has here been supported by an Opinion of the Attorney General, but that still gives him no right to appeal. "Opinions of an attorney general are addressed to state officials for their guidance only and no person except the state

official is bound by said opinion. It is the court that determines the issue and not an opinion of an attorney general." *Brotherhood of Railroad Trainmen Insurance Department, Inc. v. Smith,* 74 Dauph. 346, 357 (1960). If a state agency or official refuses to abide by such an Opinion, the proper remedy would not be the substitution of the Attorney General in any proposed action for the Board, but an action in mandamus to be brought against the recalcitrant agency or official, asking the court to enforce compliance with the Opinion. *Commonwealth ex rel. Sennett v. Minehart,* 88 Dauph. 279 (1967); *Commonwealth ex rel. Shockley v. Ross,* 53 Dauph. 329 (1943).

Because this appeal was not properly instituted on behalf of the Board, we do not have a party appellant and must, therefore, quash the appeal.