The Honorable Raymond Pace Alexander and The Honorable Robert V. Bolger and The Honorable Peter F. Hagan on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, v. The Honorable A. Evans Kephart, Court Administrator, and The Honorable Grace M. Sloan, Treasurer of the Commonwealth of Pennsylvania, Defendants.

Argued October 1, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

560

*Marvin Comisky,* with him *Alan C. Gershenson* and, of counsel, *Blank, Rome, Klaus & Comisky,* for plaintiffs.

*Melvin R. Shuster,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendants.

*Isidor Ostroff,* with him *Ostroff & Lawler,* for amicus curiae, Philadelphia Bar Association.

OPINION BY JUDGE CRUMLISH, JR., November 2, 1973:

Plaintiffs are three Retired Judges of the Courts of the Commonwealth who have brought the present action pursuant to Rule 2230 Pennsylvania Rules of Civil Procedure as members of the class of Retired Judges "called back to perform duties" on behalf of themselves and all other such Retired Judges in the Commonwealth.[1]

The Act of June 16, 1971, P. L. 157, No. 8, as amended, 46 P.S. §6, created the Commonwealth Compensation Commission (Commission) and provided that the

---

[1] These Judges were called back to perform duties under the Act of August 1, 1966, P. L. 47, §§1-6, as amended, 17 P.S. §§790.101-106.

Commission ". . . shall make an exhaustive study of the salaries, emoluments, retirement benefits, mileage, per diem, travel and other expense allowances and reimbursements . . ."[2] for stated members of the Executive, Judicial, and Legislative branches of the Government. The Act further provided that after the study the Commission should sumit a report on these matters, and that this initial report would become effective immediately upon its submission unless, within sixty days thereafter, the General Assembly rejected the report, in whole or in part.

Pursuant to this mandate, the Commission filed its initial report establishing increases in salary for those serving in the Executive, Legislative, and Judicial branches of the Commonwealth.

While the report listed in column form (A) the Annual Salary and (B) the Retirement Base for individual officeholders in the three respective branches of government, for "Retired Judges" it merely stated: "Retired Judges called back to perform duties . . . $125 per court day."

On August 15, 1972, the General Assembly passed Senate Resolution No. 100, which rejected the Commission's Report: "To the Extent that it Provides an Increase in *Salary* greater than $2,500 for any Member of the Executive or Judicial Branch of Government Specified in the Report . . . ." (Emphasis supplied.)

Counsel for the Auditor General advised the Court Administrator that the monetary increase provided in the Commission report for Retired Judges had been limited to $2,500 by the General Assembly resolution and that they accordingly should be paid at the rate of $125 per court day for fifty days, and then at

---

[2] 46 P.S. §6(b).

To us it is clear that the Legislature, by separating the terms "salary" and "per diem" in the Commission's study, clearly recognized the distinction in the terms.

the rate of $75 per court day. On February 1, 1973, the Court Administrator of Pennsylvania sent a memorandum to all Retired Judges, outlining the Auditor General's interpretation of the Senate Resolution and advising the Retired Judges that the Court Administrator would follow such a plan.

Plaintiffs then filed the instant Complaint in Mandamus against the Court Administrator and the State Treasurer to compel payment to Retired Judges at the increased rate of $125 for each day of service beyond the first fifty days.[3] Plaintiff's position essentially is that the $125 per day figure quoted for Retired Judges in the Commission's initial report did not represent the "*salary*" of the Judges, but constituted a *per diem* allotment. Therefore, Plaintiffs argue, the Resolution of the General Assembly rejecting the initial report of the Commission to the extent that it ". . . Provides an Increase in *Salary* greater than $2500 for Any Member of the Executive or Judicial Branch of Government Specified in the Report . . ." (Emphasis supplied) was not a rejection of that part of the Commission's report which raised the *per diem* compensation of Retired Judges from $75 to $125 per day.

We have before us at this time Preliminary Objections, in the nature of a demurrer, in which the Defendants allege that the Plaintiffs' Complaint fails to state a cause of action. With this contention we must disagree.

---

[3] Plaintiffs originally brought this action against the Auditor General and the State Treasurer. However, the duties of the Auditor General with regard to appropriation for the judiciary were transferred to the Court Administrator as a result of Act No. 56 of 1973, which amends §1501 of the Fiscal Code, Act of April 9, 1929, P. L. 343, as amended, 72 P.S. §1501. Since Act No. 56 took effect September 25, 1973, prior to oral argument on this matter, counsel for all parties involved entered into a stipulation substituting the Court Administrator for the Auditor General as a named defendant.

The Complaint of the Plaintiffs makes it clear that they disagree with the interpretation given the $125 figure by the Defendants, i.e., "salary." The Plaintiffs argue that the figure represents a "per diem" allotment, an argument that we find raises a justiciable controversy. If the Plaintiffs' designation of this figure as a "per diem" payment is correct, the Court Administrator has failed to properly reimburse the Plaintiffs for those days of service beyond the fiftieth day. It is clear, therefore, that the Plaintiffs' Complaint, in taking issue with the Defendants' interpretation of the term "salary," has outlined a cause of action against the Defendant, and, accordingly, the Preliminary Objections of the Defendant, in the nature of a demurrer, must be overruled.

### Order

And Now, this 2nd day of November, 1973, the Preliminary Objections of the Defendants, in the nature of a demurrer, are hereby overruled and Defendants are directed to answer Plaintiffs' Complaint within ten (10) days of the date hereof.