The Honorable Raymond Pace Alexander and The Honorable Robert V. Bolger and The Honorable Peter F. Hagan on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, *v.* The Honorable A. Evans Kephart, Court Administrator, and The Honorable Grace M. Sloan, Treasurer of the Commonwealth of Pennsylvania, Defendants.

Submitted on briefs, March 4, 1974, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Marvin Comisky,* with him *Alan C. Gershenson* and, of counsel, *Blank, Rome, Klaus & Comisky,* for plaintiffs.

*Melvin R. Shuster,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendants.

*Isidor Ostroff,* with him *Ostroff & Lawler,* for amicus curiae, Philadelphia Bar Association.

OPINION BY JUDGE CRUMLISH, JR., April 22, 1974:

Plaintiffs are three Retired Judges of the Courts of the Commonwealth who have brought the present action pursuant to Rule 2230 Pennsylvania Rules of Civil Procedure as members of the class of Retired Judges "called back to perform duties," on behalf of themselves and all other Retired Judges in the Commonwealth.[1]

---

[1] These Judges were called back to perform duties under the Act of August 31, 1966, P. L. 47, §§1-6, as amended, 17 P.S. §§790.101-106.

Plaintiffs filed the instant action in Mandamus against the Court Administrator and the State Treasurer to compel payment to Retired Judges at the rate of $125 for each day of service. The Defendants filed Preliminary Objections, in the nature of a demurrer, to this Complaint in Mandamus which were overruled by an Opinion and Order of this Court filed November 2, 1973.[2] Plaintiffs then filed a Motion for Judgment on the Pleadings, alleging that the only issues in dispute are legal ones fully amplified in the pleadings and during oral argument on the Preliminary Objections before this Court. Defendants then filed a Motion for Summary Judgment with accompanying affidavits and exhibits.

The facts of this case are fully laid out in our opinion disposing of the Defendants' Preliminary Objections, so we do not feel compelled to again recite them.

The issue in this matter is whether Senate Resolution No. 100 which rejected the Commonwealth Compensation Commission report on proposed raises for the Executive, Legislative and Judicial Branches to the extent that such report increases the *salary* of any such person greater than $2500, applies to that part of the Commission's report on the proposed increase for Retired Judges from $75 to "*$125 per court day.*"[3]

Defendant argues, in effect, that any compensation which goes beyond reimbursement for expenses must be considered "salary." Since the $125 per court day paid to the Retired Judges exceeds expenses, this figure is not a "per diem" allowance but actually "salary."

---

[2] This matter is reported at 10 Pa. Commonwealth Ct. 559, 312 A. 2d 126 (1973).

[3] Since the Defendants interpreted the General Assembly's action to be applicable to the Retired Judges, the Judges were paid $125 for the first fifty days they performed services and $75 every day thereafter.

The Plaintiffs disagree that any compensation in excess of expenses must necessarily be defined as "salary" and contend that the figure of $125 per court day is a "per diem" allowance and therefore not at all affected by the General Assembly's limitation on an increase of "salary." We agree with Plaintiffs.

In the Act of June 16, 1971, P. L. 157, No. 8, as amended, 46 P.S. §6, the legislation creating the Commonwealth Compensation Commission, the Commission was ordered to study, among other things, "salary" and "per diem" allotments of those in the three branches of government. Therefore it is clear that the Legislature recognizes a distinction in the terms.

We are fully confident, not only from the manner in which the Retired Judges' allotment was singled out in the report as "$125 per court day," which contrasted sharply with the various "salary" headings for other officials, but also from the special function and duties of these Retired Judges that the Commission was well aware that they were dealing with a per diem allotment and that the General Assembly was just as aware that this $125 per diem figure would be excluded from its limitation on increases of *salary* greater than $2500.

We have also reviewed the affidavits accompanying Defendants' Motion for Summary Judgment which show that Federal and State withholding tax and Federal Insurance Contribution Act payments were deducted from the compensation paid to the Plaintiffs. Since we do not agree with Defendants' premise that any compensation which exceeds actual expenses cannot be considered "per diem" but must be termed "salary," these affidavits add no substance to Defendants' position.

Accordingly, we enter the following

ORDER

Now, this 22nd day of April, 1974, Plaintiffs' Motion for Judgment on the Pleadings is granted and judgment is hereby entered to Plaintiffs.