The Honorable Victor J. DiNubile and The Honorable Kendall H. Shoyer, Petitioners, *v*. Robert F. Kent, Deputy Court Administrator of the Commonwealth of Pennsylvania, The Honorable Grace Sloan, Treasurer of the Commonwealth of Pennsylvania, Respondents, and State Employees' Retirement Board, Party Defendant.

Argued March 5, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Marvin Comisky,* with him *Alan C. Gershenson* and, of counsel, *Blank, Rome, Klaus & Comisky,* for petitioners.

*Gerald Gornish,* Deputy Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondents.

*S. Regen Ginsburg,* with him *Raymond D. Rubens* and *Isidor Ostroff,* for amicus curiae, Philadelphia Bar Association.

OPINION BY JUDGE MENCER, June 4, 1975:

The Honorable Victor J. DiNubile and the Honorable Kendall H. Shoyer (petitioners) were reelected judges of the Court of Common Pleas of Philadelphia County on November 6, 1973. They were administered the oath of judicial office on January 7, 1974. On both of these dates, the pertinent part of Section 401(4) of the State Employes' Retirement Code of 1959, Act of June 1, 1959, P. L. 392, *as amended* (codified at 71 P.S. §1725—401(4) (Supp. 1974-75)), that is in question here read as follows:

"(4) Any member of Class E or E.1 who has retired, who has either actively served in such office by virtue of appointment or election for at least twenty-five (25) years continuously or otherwise regardless of age, or who has attained the age of seventy (70) years, who has served at least one full elected term or ten (10) years in the aggregate as a judge continuously or otherwise, and who shall hold himself in readiness to advise with his successor and his colleagues of the court of which he had been a member, and to perform such duties as may be imposed upon him as judge, special master, referee, auditor, or examiner, in such ways as he may reasonably be able to do, as assigned by the Chief Justice of the Supreme Court, may elect to receive during a period of time equal to the unexpired portion of his term or until death, whichever first occurs, a sum equal to the salary he was receiving immediately prior to his retirement."

On March 1, 1974, a new State Employees' Retirement Code, Act of March 1, 1974, P. L. ——, No. 31, 1 Pa. Leg. Serv. '74, was adopted and the above quoted portion of the State Employes' Retirement Code of 1959 was repealed except in so far as otherwise provided. The Savings Clause in the new State Employees' Retirement Code, §3, provides in pertinent part:

"In order to assure an orderly transition, the following provisions of repealed law shall be saved and applicable as specified:

"(1) The rights provided in section 401(4) of the act of June 1, 1959 (P. L. 392, No. 78), relating to additional retirement benefits for certain judges shall continue to apply to those members of Class E or E-1 who have exercised the option therein contained prior to the effective date [March 1, 1974] of this act."

Petitioner Kendall H. Shoyer attained the age of seventy years on November 24, 1974 and petitioner Victor J. DiNubile attained the age of seventy years on February 5, 1975. Petitioners filed a petition for declaratory judgment to which respondents filed an answer.[1] Thereafter, petitioners filed a motion for declaratory judgment on the pleadings. The controversy as presented by these three pleadings is solely one of law and there are no factual disputes.

The legal question to be determined is whether the petitioners, after attaining the age of seventy years, could elect the option provided by Section 401(4) of the State Employes' Retirement Code of 1959.

Section 401(4) was a special retirement benefit designed to encourage judges to retire at the age of seventy years with no loss of job-related income at a time when there was no compulsory retirement applicable to judges. All judges are now required to retire upon attaining the age of seventy years, by virtue of the provisions of Article V, Section 16(b), of the Pennsylvania Constitution which became effective on January 1, 1969.

Article V, Section 16, in its entirety, provides:

---

1. The named respondents were Robert F. Kent, Deputy Court Administrator of the Commonwealth of Pennsylvania, Grace Sloan, Treasurer of the Commonwealth of Pennsylvania, and subsequently by stipulation the State Employes' Retirement Board as a named party defendant.

"Compensation and Retirement of Justices, Judges and Justices of the Peace

"Section 16. (a) Justices, judges and justices of the peace shall be compensated by the Commonwealth as provided by law. Their compensation shall not be diminished during their terms of office, unless by law applying generally to all salaried officers of the Commonwealth.

"(b) Justices, judges and justices of the peace shall be retired upon attaining the age of seventy years. Former and retired justices, judges and justices of the peace shall receive such compensation as shall be provided by law. No compensation shall be paid to any justice, judge or justice of the peace who is suspended or removed from office under section eighteen of this article or under article six.

"(c) A former or retired justice or judge may, with his consent, be assigned by the Supreme Court on temporary judicial service as may be prescribed by rule of the Supreme Court."

In *Firing v. Kephart*, 18 Pa. Commonwealth Ct. 578, 582-83, 336 A. 2d 470, 473 (1975), Judge BLATT wrote the following:

"The word 'term' in the context of Section 16(a), of course, is admittedly capable of differing interpretations. With respect to the tenure of the office of a judge, 'term' may refer to the office, to the fixed and definite period of time which the law prescribes that the office may be held, regardless of the tenures of the various incumbents who might serve in the office during that prescribed term. On the other hand, it may refer to the incumbent of the office, to his time of holding the office during his particular period of incumbency, whether for a whole term or for a part of it. 48 C.J.S. *Judges* §20 (1947). Of course, if we were to read Section 16(a) in the light of the latter interpretation the plaintiff's term obviously expired

when he was required to leave office at the age of seventy. Even if we define 'term' to mean a 'fixed and definite period of time,' however, there can be no doubt that the limited period during which the plaintiff held office here met that standard. This is because, unlike when a vacancy occurs because of death or resignation, neither of which can be predicted, the time for mandatory retirement is fixed and inevitable if the incumbent lives. We must conclude, therefore, that the plaintiff's shortened tenure here constituted a 'term' even within the narrower definition. It has been held in New York that a judge elected at an age when he cannot, by reason of an age limitation, continue in office for the full term to which he would otherwise serve, is nevertheless elected for a definite term expiring on the date prescribed for mandatory retirement. *See* Gingold v. Apps, 123 N.Y.S. 2d 707, 282 App. Div. 345 (1953). In Pennsylvania, we believe that the holding must be the same. Moreover, we can see no encroachment upon the independence of the judiciary resulting from the loss of salary upon a retirement which is mandated by the Constitution itself.

"We must conclude, therefore, that, although the plaintiff did not serve a 'regular term' of six years, his 'term' within the meaning of Section 16(a) expired on the date when he reached the constitutionally mandated retirement age."

Consequently, the petitioners are now unable to exercise the option that once existed under Section 401(4) of the State Employes' Retirement Code of 1959. This section provided that if a judge met certain qualifying conditions he might elect to receive a sum equal to the salary he was receiving immediately prior to his retirement "during a period of time equal to the unexpired portion of his term or until death, whichever first occurs." Since January 1, 1969, a judge's term expires on the date he or

she attains the age of seventy years. *Firing v. Kephart, supra.* Therefore, there is no "unexpired portion of his term" beyond the judge's seventieth birthday and the Section 401 (4) option provisions are inoperative.

The constitutional mandate for judicial retirement at the age of seventy is controlling here and makes those cases that hold that legislative action cannot change the terms of the retirement contract, except under certain circumstances, inapposite. *See Schmidt v. Allegheny County Retirement Board,* 394 Pa. 105, 145 A. 2d 692 (1958) ; *Harvey v. Allegheny County Retirement Board,* 392 Pa. 421, 141 A. 2d 197 (1958) ; *Hickey v. Pittsburgh Pension Board,* 378 Pa. 300, 106 A. 2d 233 (1954) ; *Baker v. Retirement Board of Allegheny County,* 374 Pa. 165, 97 A. 2d 231 (1953).

The petitioners cannot contend that, when they stood for election in 1973, they were unaware of the constitutional mandate that judges must retire upon attaining seventy years of age. Therefore, they knew in advance of seeking election that their terms, if elected, would commence on January 7, 1974 and end on the dates of their seventieth birthdays. Thereafter, there would be no "unexpired portion of his term" to apply to the option provisions of Section 401 (4) of the State Employes' Retirement Code of 1959, the section upon which petitioners here foundation their claim for declaratory judgment.

We can only conclude that this case ends with the recognition that the petitioners' judicial terms ended on their seventieth birthdays and thereafter there were no unexpired portions of terms subject to the option election provided in Section 401 (4) of the States Employes' Retirement Code of 1959. The interesting questions of whether the legislature may constitutionally remove from a judge a retirement option and, if so, under what circumstances, and whether the option in question does or does not enhance the actuarial soundness of the retirement fund, are simply not relevant to the facts of this case.

Likewise, the issue of whether or not the mandatory retirement of a judge at the age of seventy constitutes a diminution of his salary during his term of office is ruled in the negative by our decision in *Firing v. Kephart, supra.*[2]

Accordingly, we make the following

ORDER

AND NOW, this 4th day of June, 1975, the petitioners' motion for judgment on the pleadings is hereby denied, and the Prothonotary is directed to enter of record a judgment in favor of Robert F. Kent, Grace Sloan, and the State Employes' Retirement Board and against Victor J. DiNubile and Kendall H. Shoyer.

CONCURRING OPINION BY JUDGE KRAMER:

In *Firing v. Kephart,* 18 Pa. Commonwealth Ct. 578, 336, A. 2d 470, 473 (1975), I filed a dissent based upon constitutional grounds. However, in this case I can concur because of the provisions of the Act of March 1, 1974, P.L.    , No. 31, Pa. Leg. Serv. 74, Section 3, cited and quoted in the majority opinion, under which the appellants made claims for benefits. I add these

2. Petitioners' rights to retirement benefits determined by their state service prior to reaching the age of seventy years are not affected by today's decision, and petitioners also may hold themselves available for temporary assignments under the provisions of the Act of August 81, 1966, Special Sess. No. 1, P. L. 47, 17 P.S. §790.101 et seq. (Supp. 1974-75). This Act allows former judges who have served at least one term and have not been defeated for reelection to be temporarily assigned for judicial duties and to be compensated at the rate of $75 per diem and to receive a travel mileage expense while they so serve. See *Alexander v. Kephart,* 10 Pa. Commonwealth Ct. 559, 312 A. 2d 126 (1973), relative to the per diem rate having been increased to $125. Such service would not diminish petitioners' retirement rights or benefits. See Section 8 of the Act of August 31, 1966, 17 P.S. §790.108.

words solely in the interest of clarifying my position, which otherwise might appear to be inconsistent.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I must respectfully dissent. It is my interpretation of Article V, Section 16 of the Pennsylvania Constitution that, for purposes of determining the eligibility of a retired judge to elect to receive his pre-retirement salary under Section 401 (4) of the State Employees' Retirement Code of 1959,[1] a judge's mandatory retirement at age seventy leaves an "unexpired portion of his term" of office which is equivalent to the remainder of his elected term of office following retirement. Our recent decision in *Firing v. Kephart*, 18 Pa. Commonwealth Ct. 578, 336 A. 2d 470, 473 (1975), is not controlling on this point. There we were concerned with the right of a justice of the peace to receive his *regular* salary past the date of his constitutionally mandated retirement; whereas here, Section 401 (4) of the State Employees' Retirement Code of 1959 specifically provides for the election of the retirement option here sought and which is certainly not inconsistent with sub-section (c) of Article V, Section 16 of the Pennsylvania Constitution.

Having concluded that Petitioners have an unexpired portion of their terms of office to which Section 401 (4) would apply, I must also conclude that the attempt to limit the election of this option to judges qualifying befor March 1, 1974 to be unconstitutional as an impairment of the obligation of contract prohibited by Article 1, Section 17 of the Pennsylvania Constitution.

---

1. Act of June 1, 1959, P.L. 392, *as amended*, 71 P.S. §1725-401 (4) (Supp. 1974-75), as repealed and saved in part by the Act of March 1, 1974, P.L. ——, No. 31, 1 Pa. Leg. Serv. '74.