353 A.2d 839

The Honorable Victor J. DiNUBILE and the
Honorable Kendall H. Shoyer

v.

Robert F. KENT et al.

**Appeal of the Honorable Kendall H. SHOYER.**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1976.

Decided March 17, 1976.

Blank, Rome, Klaus & Comisky, Marvin Comisky, Alan C. Gershenson, Philadelphia, for appellant.

Gerald Gornish, Deputy Atty. Gen., for appellees, Grace Sloan and State Employees' Retirement Bd.

William E. Zeiter, Jonathan Vipond, III, Philadelphia, for appellee, Robert F. Kent.

S. Regen Ginsburg, Philadelphia, for amicus curiae, Phila. Bar Assn.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Kendall H. Shoyer [1] was reelected judge of the Court of Common Pleas of Philadelphia on November 6, 1973, and began his new term on January 7, 1974. He reached the age of seventy on November 24, 1974, and was retired as required by article V, section 16(b) of the Pennsylvania Constitution. Appellant sought a declaratory judgment in the Commonwealth Court claiming that he was entitled to receive benefits under section 401(4) of the State Employees' Retirement Code of 1959 (hereinafter section 401(4)). [2] The court determined that appellant is not entitled to such benefits.

---

1. Victor J. DiNubile did not file an appeal with this Court.

2. Act of June 1, 1959, P.L. 392, as amended by Act of October 5, 1967, P.L. 355, § 2. The State Employees' Retirement Code of 1959 was repealed by Act of March 1, 1974, P.L. ——, § 2(a). However, § 3(1) of Act of March 1, 1974, P.L. ——, provides that in order to assure an orderly transition the following provisions of the repealed law shall be saved and applicable as specified:

   "The rights provided in section 401(4) of the act of [1959, June 1] (P.L. 392, No. 78), relating to additional retirement benefits for certain judges, shall continue to apply to those members of Class E or E-1 who have exercised the option therein prior to the effective date of this act [March 1, 1974]."

*DiNubile v. Kent,* 19 Pa.Cmwlth. 438, 338 A.2d 722 (1975). This appeal followed,[3] and we affirm.

In 1967, the Legislature enacted section 401(4), which provided in pertinent part:

"(4) Any member of Class E or E–1 who has retired, who has either actively served in such office by virtue of appointment or election for at least twenty-five (25) years continuously or otherwise regardless of age, or who has attained the age of seventy (70) years, who has served at least one full elected term or ten (10) years in the aggregate as a judge continuously or otherwise, and who shall hold himself in readiness . . . to perform such duties as may be imposed upon him . . . in such ways as he may reasonably be able to do, as assigned by the Chief Justice of the Supreme Court, may elect to receive *during a period of time equal to the unexpired portion of his term* or until death, whichever first occurs, a sum equal to the salary he was receiving immediately prior to his retirement. . . ."

(Emphasis added.) The purpose of this provision was to encourage the retirement of judges who had reached age seventy by allowing them to retire and to receive the same salary. On April 23, 1968, a new judiciary article of the Pennsylvania Constitution was adopted. Article V[4] mandates that all judges elected after January 1,

3. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1975).

4. Section 16 of article V provides:
"(a) Justices, judges and justices of the peace shall be compensated by the Commonwealth as provided by law. Their compensation shall not be diminished during their terms of office, unless by law applying generally to all salaried officers of the Commonwealth.
(b) Justices, judges and justices of the peace shall be retired upon attaining the age of seventy years. Former and retired justices, judges and justices of the peace shall receive such compensation as shall be provided by law. No compensation shall be paid to any justice, judge or justice of the peace who is suspended or removed from office under section eighteen of this article or under article six.

1969, shall retire upon attaining the age of seventy. We must determine the effect of article V on section 401(4).

In *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976) (J. 24 of 1976), we held that the term of a mandatorily retired member of the judiciary expires upon his retirement. Thus, the new judiciary article had a significant impact on section 401(4) not only by rendering retirement at age seventy mandatory but also by creating an alternate end, based on age, to the term for which a judge is elected. Because the attainment of age seventy before his term as a member of the judiciary would otherwise end ends the term, there is no "unexpired portion of his term" as defined in section 401(4). By reason of this alternate termination of a judge's term of office, the option provided in section 401(4) was available only to judges who voluntarily retired after twenty-five years of judicial service prior to attaining age seventy.[5] Accordingly, at the time appellant was reelected in 1973, section 401(4) offered him no benefits.

Appellant contends that apart from the proper interpretation of section 401(4), he is entitled to rely upon Attorney General Official Opinion No. 19 dated April 2, 1971. That opinion was addressed to another judge and concluded that the adoption of article V did not affect the benefits available under section 401(4) to judges elected after January 1, 1969. This contention is without merit.

■ The Attorney General is legal advisor to the State Employees' Retirement Board,[6] however, opinions

---

(c) A former or retired justice or judge may, with his consent, be assigned by the Supreme Court on temporary judicial service as may be prescribed by rule of the Supreme Court."

5. Even this provision of section 401(4) is no longer available. The section was repealed in 1974. See note 2, supra.

6. Act of June 27, 1923, P.L. 858, § 5, formerly codified as 71 P.S. § 1735 (1962), repealed by Act of March 1, 1974, P.L. ——, § 2(a). It has been replaced by Act of March 1, 1974, P.L. ——, § 1, 71 Pa.C.S.A. § 5901(e) (Supp.1975).

of the Attorney General are merely for the guidance of state officials acting in their executive capacity. It is the province of courts to adjudicate issues of law. *Pennsylvania Liquor Control Board v. Kusic,* 7 Pa.Cmwlth. 274, 299 A.2d 53 (1973); *Brotherhood of Railroad Trainmen Insurance Department, Inc. v. Smith,* 74 Dauph. 346 (1960).

Order affirmed.[7]

---

7. Because, on the date of appellant's reelection, section 401(4) did not provide any benefits for a judge of appellant's age and years of service, we need not reach appellant's contentions that retirement benefits available to him at the time of his reelection were later repealed in violation of article I, section 17 and article V, section 16(a) of the Pennslyvania Constitution.