The Honorable Robert W. Trembath, Plaintiff *v.* The Honorable Alexander F. Barbieri and The Honorable Grace M. Sloan, Defendants.

Argued December 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*David B. Disney,* with him *Francis B. Haas, Jr.,* and *McNees, Wallace & Nurick,* for plaintiff.

*Jonathan Vipond, III,* for defendant, Barbieri.

*Gerald Gornish,* Deputy Attorney General, with him *Melvin R. Shuster,* Deputy Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Sloan.

OPINION BY JUDGE KRAMER, March 18, 1977:

This case is intended to come within the original jurisdiction of this Court under the provisions of Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401(a)(1). The action was commenced by the filing of a Complaint in Mandamus. The Plaintiff, The Honorable Robert W. Trembath, requested this Court to order the Court Administrator, The Honorable Alexander F. Barbieri, and The State Treasurer, The Honorable Grace M. Sloan, to make payment to him of his proper compensation due under the June 22, 1972 Report of the Commonwealth Salary Commission. After the pleadings had been completed, the matter was put before this Court on motion for judgment on the pleadings. There are no disputes as to the facts of the case nor the applicable law. The issue before the Court is a narrow one, involving the interpretation of those statutes providing for payments to retired or former judges recalled to service after their retirement.

Judge Trembath retired as a judge of the Court of Common Pleas of Wyoming County on November 30, 1971, after a distinguished career on the bench in service of the people of the Commonwealth. He elected to retire in the middle of a 10-year term pursuant to an option found in Section 401(4) of the State Employes' Retirement Code of 1959, Act of June 1, 1959, P.L. 392, *as amended*, formerly at 71 P.S. §1725-401, repealed by the Act of March 1, 1974, P.L. 125.[1] Though Section 401(4) has been repealed, its provisions continue for those judges who exercised their

---

[1] This same Act codified much of Section 401 under 71 Pa. C.S. §§5308, 5309, 5702, 5703, and 5705, but subsection (4) was not so reenacted.

retirement option prior to its repeal.[2] As a result, Judge Trembath received approximately $27,000 a year, the salary he was receiving at the time of his retirement. In return, Judge Trembath agreed to hold himself available for judicial duties, as he has done at all times pertinent to the resolution of the issue in this case.

The dispute as to Judge Trembath's proper compensation arises as a result of the Commonwealth

---

[2] At the time of Judge TREMBATH's retirement in November 1971, Section 401(4) provided as follows:

Any member of Class E or E.1 who has retired, who has either actively served in such office by virtue of appointment or election for at least twenty-five (25) years continuously or otherwise regardless of age, or who has attained the age of seventy (70) years, who has served at least one full elected term or ten (10) years in the aggregate as a judge continuously or otherwise, and who shall hold himself in readiness to advise with his successor and his colleagues of the court of which he had been a member, and to perform such duties as may be imposed upon him as judge, special master, referee, auditor, or examiner, in such ways as he may reasonably be able to do, as assigned by the Chief Justice of the Supreme Court, may elect to receive during a period of time equal to the unexpired portion of his term or until death, whichever first occurs, a sum equal to the salary he was receiving immediately prior to his retirement. During the period that he is receiving such benefits such member shall not be permitted to practice as an attorney and shall receive no additional compensation for performing any judicial duties except *expenses as are provided for judges when serving outside their judicial districts* and retirement benefits as provided herein. Upon expiration of the aforesaid period of time, such member shall be entitled to receive the benefits, provided by the other provisions of this act, which he shall have earned by his service, including in the computation thereof the period of time during which he was receiving the benefits of this section 401(4) and sections 301(5) and 405(5). (Emphasis supplied.)

Salary Commission's Report of June 22, 1972. Issued pursuant to the Act of June 16, 1971, P.L. 157, No. 8 (repealed), the report provided for the payment of a per diem of $125 per court day, to "retired judges called back to perform duties." Appendix to 46 P.S. §6 (repealed). Judge Trembath urges that the language of Section 401(4) of the Retirement Code, under which he retired, entitles him to receive this per diem.

The language upon which Judge Trembath relies provides that judges retired under Section 401(4) "shall receive no additional compensation for performing any judicial duties except expenses as are provided for judges when serving outside their judicial districts." Judge Trembath submits that the per diem provided by the Salary Commission is a recoverable expense. This contention is based upon his interpretation of the term "per diem" vis-a-vis "salary." He points out that these two terms are distinguishable.[3] He submits that because a per diem is not considered salary, it is therefore an expense item. His conclusion is that, as this is an expense item provided judges serving outside their judicial districts, it is recoverable under Section 401(4) of the Retirement Code.

The defendants deny that plaintiff is entitled to the $125 per day. They contend that Judge Trembath is only entitled to the actual expenses he incurs in rendering his judicial services. They argue that a per diem is something more than actual expenses. They point out that in accordance with the Official Opinion of December 9, 1968, by former Attorney General William C. Sennett, judges retired under Section 401(4) receive only the actual travel expenses pro-

---

[3] In *Alexander v. Kephart*, 13 Pa. Commonwealth Ct. 168, 318 A.2d 420 (1974), this Court held that a per diem is not part of salary.

vided active judges.[4]  They argue that as these judges do not now receive the per diem of $50 allowed active judges, it is inconsistent to provide the greater per diem of $125 allowed under the compensation provisions for former judges.[5]

It should be noted that this writer considers this a close case.  The language of the statutes is not clear.  In addition, the Legislature, in the creation of the Salary Commission by Section 2(b) of the Act of June 16, 1971, P.L. 157, No. 8 (repealed), adds to the uncertainty.  This section manifests a clear dichotomy between salaries and compensation on one hand, and expenses such as travel and "other expense allowances and reimbursements" on the other. Judge Trembath would find solace in that language, which in effect says that any per diem must be an expense item.

In attempting, however, to make some sense out of the waffled language of the 1959 Retirement Code and the Salary Commission's report, we conclude that *Kephart, supra* note 3, controls.  This Court held in that decision that a per diem was indeed distinct from salary.  The decision, however, implicitly holds that a "per diem" is also something more than actual expenses.  As Judge Trembath is entitled only to the actual travel expenses provided active judges, he cannot recover the additional per diem compensation provided former judges.  To construe the provisions otherwise would be to give favored treatment to retired judges over active judges.  Both parties would agree that this was not the intent of the Legislature.

We will enter judgment on the pleadings on behalf of the defendants, pursuant to Pennsylvania Rule of Civil Procedure No. 1034(b).

---

[4] Section 1 of the Act of June 17, 1974, P.L. 346, 17 P.S. §830.32 (amending Section 10 of the Act of June 1, 1956, P.L. 1959 (1955), No. 657).

[5] Section 6 of the Act of August 31, 1966, Special Sess., P.L. 47, 17 P.S. §790.106.

ORDER

AND Now, this 18th day of March, 1977, plaintiff's motion for judgment on the pleadings is denied. It is further ordered that judgment on the pleadings will be entered on behalf of the defendants, pursuant to Pennsylvania Rule of Civil Procedure No. 1034(b).