Kenneth L. Frantz, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued December 9, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Elliot Newman,* with him *John E. Person, III,* for petitioner.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 17, 1978:

Kenneth L. Frantz has filed a Petition for Review of a decision of the State Civil Service Commission upholding the action of the Pennsylvania Department of Transportation (PennDOT) furloughing him from his employment.

Frantz was employed in PennDOT's Highway District 3-0. His Civil Service classification was that of Civil Engineer III (CE III), regular status. PennDOT determined that there existed a condition of overstaffing of persons holding the Civil Service classification CE IV in District 3-0, and that Ronald Springman, a CE IV would be furloughed. Springman, however, was told that he might, and he then chose to, petition PennDOT for a demotion to CE III. PennDOT thereupon notified the petitioner, Frantz, that he would be required to be furloughed to make room for Springman. When Frantz asked to take a demotion to CE II and displace another per-

son he was informed by PennDOT that this was not possible in his case.[1]

The process by which the petitioner, a CE III, was displaced by Springman, holding the higher classification of CE IV, is called bumping. The petitioner contends that, having been bumped by a CE IV he should be privileged to bump a CE II. PennDOT in countering this contention, argued and in our opinion demonstrated, that bumping is not a practice permitted in the State Civil Service. The result is that the petitioner's furlough which was the result of his having been bumped was improper.

The pertinent statutory references are to Sections 706 and 802 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.706 and §741.802.

Section 706 provides:

An appointing authority may demote *to a vacant position* in a lower class any employe in the classified service who does not satisfactorily perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower class. In case of such demotion the employe shall have all rights of appeal as provided in this act. No employe shall be demoted because of his race, religion or political, partisan or labor union affiliation. A demotion may also be made by an appointing authority with the approval of the director upon the written petition of the employe stating the reasons therefor and supported by such evidence as the director may

---

[1] Frantz was told that he could not displace a CE II because the latter position was one covered by a collective bargaining agreement and because he had not been a member of the collective bargaining unit when he was a CE II.

require to show that the employe is able to perform the duties of the class of position to which he petitions that he be demoted. (Emphasis added).

Section 802 pertinently provides:

A furloughed employe shall have the right of return to any class and civil service status which he previously held, provided such class is contained in the current classification plan of the agency; or to any class and civil service status in the same or lower grade, provided that he meets the minimum qualifications given in the classification plan of the agency. The appointing authority shall promptly report to the director the names of employes furloughed, together with the date the furlough of each is effective and the character of his services. Under the rules a regular employe furloughed shall for a period of one year be given preference for reemployment in the same class of position from which he was furloughed and shall be eligible for appointment to a position of a similar class in other agencies under this act unless the terms of an existing labor agreement preclude the employe from receiving the preferential treatment contained in this section in which event the terms of the labor agreement shall be controlling, provided that in case of a promotion of another employe such preference shall not be effective if it necessitates furloughing such other employe unless the terms of an existing labor agreement require that such preferential treatment shall be given to the furloughed employe.

Before it was removed by amendment in 1951, the following phrase appeared immediately following the

first sentence of the quoted portion of 802: "Provided that in both instances there is a vacancy with the same appointing authority". Attorney General, later Justice Israel Packel, was asked in 1973 whether bumping was permitted in the State Civil Service. His Official Opinion No. 42, dated June 15, 1973, reads relevantly as follows:

> You have asked whether Section 802 of the Civil Service Act of 1941, August 5, P.L. 752 Art. VIII, as amended, §802 (71 P.S. §741.802) provides for 'bumping' rights for employes who have been furloughed because of a reduction in the work force of a classified service. 'Bumping' is the right of an employe to dislodge employes of a lower civil service status and assume the position of the dislodged employe.
>
> . . . .
>
> Since 1951, when the bracketed words were removed by the Legislature (Act No. 428, September 29, 1951, P.L. 1636), the Civil Service Commission has never interpreted the above statute to include 'bumping'. Since that time, the Legislature has had an opportunity to amend the Civil Service Act and has not seen fit to clarify the present language so as to provide for 'bumping'.[1] In light of the fact that the introduction of 'bumping' into the furlough procedure of the Civil Service Commission would have dramatic consequences, dislocating large numbers of otherwise unaffected persons,

---

"[1] It should be noted also that the title to Act 428 in no way suggests that 'bumping' was to be authorized. It would appear that such a significant change would have been included in the title if the Legislature had, in fact, intended to authorize 'bumping'."

it is our opinion that no such procedure should be deduced from the statute if the words do not clearly provide for such a procedure. As we analyze the statute below, we do not think the words clearly so provide:

'1. Under our analysis, the statute provides a furloughed employe with a right to return to a class or status previously held by him provided the formerly held position still exists. In addition, the furloughed employe has a right to return to any class or status in the same or lower grade provided he meets the minimum qualifications for the position. The right of return can be exercised only at the time of furlough. If there are no vacancies available at that point in time the right of return cannot be exercised and it is forever lost. The furloughed employe must then look to the other sections of this statute for alternative placement.'

. . . .

Example: If an Administrative Assistant IV is furloughed, and he or she was formerly a Steno III, then he or she may return to any existing vacant Steno III position in the furloughing agency or any other agency. In addition, the furloughed Administrative Assistant IV can return to a vacant Administrative Assistant III, II or I position in the furloughing agency or in another agency. Furthermore, the furloughed Administrative Assistant IV can move to any vacant Clerk III, II or I positions in the furloughing agency or any agency because he or she will meet the minimum qualifications for the position.

. . . .

Accordingly, we are directing the Civil Service Commission, by copy of this opinion, to promulgate appropriate regulations so as to provide for furlough rights under Section 802 of the Civil Service Act in accordance with the analysis contained above.

The Attorney General's opinion was binding on State administrative agencies. *Liquor Control Board v. Kusic,* 7 Pa. Commonwealth Ct. 274, 299 A.2d 53 (1973). Indeed, PennDOT cites the Opinion in support of its argument that the petitioner had no right to bump a CE II, as he desired to do. PennDOT's contention that Section 706 authorizes CE IV Springman's bumping of the petitioner from his CE III position is without merit. As the first sentence of Section 706 explicitly provides, demotions are authorized to vacant positions in lower classes. Although this restriction is not repeated in the later sentence authorizing voluntary demotions, it was plainly intended also to apply to that kind of demotion. Furthermore, Section 706 is the same form now as it was when Attorney General Packel wrote Opinion No. 42 of 1973, stating that "the introduction of 'bumping' into the furlough procedure of the Civil Service Commission would have dramatic consequences, dislocating large numbers of otherwise unaffected persons. . . ." We find the Attorney General's Opinion persuasive.

We therefore enter the following:

ORDER

AND Now, this 17th day of January, 1978, the order of the State Civil Service Commission dated December 22, 1976 is set aside and Kenneth L. Frantz is ordered reinstated to his position of Civil Engineer III with the Department of Transportation as of March 31, 1976, the effective date of his furlough.