## Fordyce Food Distributors v. Valley Innkeeper, Inc.

*Thomas J. Finucane,* for plaintiff.
*David C. Cleaver,* for defendant.

EPPINGER, *P.J.,* 1982—Fordyce Food Distributors, plaintiff, has a judgment against Valley Innkeeper, Inc., defendant. The latter has a liquor license that is posted on the wall of the padlocked premises where Valley formerly conducted its business. Fordyce directed the sheriff to levy on the license, breaking into the premises if necessary. The sheriff refused and Fordyce applied to this court for supplementary relief, asking that the court direct the sheriff to make the levy.

Earlier the Attorney General of the Commonwealth rendered an opinion holding that a liquor license is a property right and that creditors may levy on a judgment debtor's liquor license upon directions to the local sheriff to "seize and sell" the license, taking physical possession of the license

and returning it to the Liquor Control Board within two working days. The license was then to be listed for sale. In a decision subsequent to the attorney general's opinion, Judge Blatt, of the Commonwealth Court, sitting in equity granted a judgment/debtor, 1412 Spruce Street, Inc., a temporary injunction enjoining the Pennsylvania Liquor Control Board from issuing or transferring 1412's restaurant liquor license as the result of a public sale under the execution process. The court determined that a liquor license is not personal property which may be subjected to a judicial levy: 1412 Spruce Street, Inc. v. Com. of Pa. Liquor Control Board, No. 2438, C.D. 1981.

Fordyce urges us to follow the attorney general's decision as binding upon the court, arguing that Judge Blatt's decision was only binding on the specific matter before that court.

The attorney general is not a judicial officer; he is part of the executive branch. His opinions are binding upon state officials,* but they do not have the same effect as judicial decisions and are not binding upon others until ratified by the courts: Rouse's Estate, 1 Fiduciary Rptr. 514, 525 (1952); Brotherhood of R.R. Trainmen Insurance Dept., Ins. v. Smith, 74 Dauph. 346 (1960); Di Nubile v. Kent, 466 Pa. 572, 575-576, 353 A. 2d 839 (1976). When the opinion of the attorney general is "judicial or quasi-judicial" in nature it has no binding effect as far as courts are concerned: Liquor Control Board v. Kusic, 7 Pa. Commonwealth Ct. 274,

---

*In a memorandum directed to all sheriffs following Judge Blatt's decision in 1412 Spruce Street, Inc., the attorney general said to them: " . . . it may be in your best interest *not* (Emphasis in original) to execute on liquor licenses until the Supreme Court has finally decided the issue."

278, 299 A. 2d 53 (1973). The adjudication of issues of law is within the province of the trial court alone: Di Nubile, supra.

While it is unsettled whether a decision of the Commonwealth Court, sitting as a trial court is binding, as would be an appellate court precedent, upon the trial courts of the Commonwealth, we are persuaded by the reasoning of the 1412 Spruce Street and conclude that a liquor license does not constitute "personal property." Our Commonwealth since its inception has applied the doctrine of stare decisis reverently: In Re Borsch's Estate, 362 Pa. 581, 67 A. 2d 119 (1949). Likewise, a trial court must base its opinion "on the present state of the law" and not upon "what [it] feels the law should be." Lowery v. Pittsburgh Coal, 216 Pa. Superior Ct. 362, 368, 268 A. 2d 212 (1970).

The only opinion of precedential value to this court is the 1412 Spruce Street case. Accordingly we conclude that the current state of the law in Pennsylvania is that a liquor license is not a property right upon which a creditor may levy.

### ORDER

June 11, 1982, the application of Fordyce Food Distributors, plaintiff, for supplementary relief to direct the Sheriff of Franklin County to levy upon the liquor license of Valley Innkeeper, Inc., defendant, is denied. Costs shall be paid by plaintiff.